## 26714. STEFFNER v. STEFFNER.

UNDERCOFLER, Justice. George U. Steffner, Jr., filed a complaint in the Superior Court of Fulton County against Margaret Steffner seeking to change the custody of their children and a reduction of permanent alimony and child support. As a ground of defense, the defendant asserted that under the contract between the parties in their divorce action, which contract was made the judgment of the court, the complainant could not seek a reduction in the permanent alimony and child support judgment. The defendant filed a motion for summary judgment to that part of the complaint which prayed for a reduction of alimony and child support. The trial judge denied the motion for summary judgment and certified his judgment for immediate review by this court. The appeal is from the order denying the motion for summary judgment. *Held:*

The sole question presented for consideration by this court is: Does the contract between the parties which was made the judgment of the court in the divorce proceeding bar the complainant from seeking to revise the permanent alimony and child support award? The contract provides: "The plaintiff and defendant expressly waive and agree not to assert any right which she or he may have to modify or revise this agreement, or to modify or revise any judgment in this case providing for permanent alimony and child support, or to petition to modify or revise

any decree or judgment of which this agreement is made a part. Plaintiff and defendant waive any right they have under the laws of Georgia relative to modification or change of a permanent alimony judgment rendered in conformity with this agreement."

Code § 102-106 provides: "Laws made for the preservation of public order or good morals cannot be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest."

Under the terms of the contract between the parties which was made the judgment of the court, the complainant husband has waived his right to seek a reduction in the permanent alimony and child support judgment. The trial court should have granted the motion for summary judgment. *Grizzard v. Grizzard,* 224 Ga. 42 (2) (159 SE2d 400); *Ferris v. Ferris,* 227 Ga. 465 (181 SE2d 371).

The motion to overrule these two cases is denied.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1971—DECIDED OCTOBER 8, 1971.

*Lynwood A. Maddox,* for appellant.
*Fine & Block, Sturgis G. Bates, III,* for appellee.