29461, 29517. JOHNSON v. JOHNSON (two cases).

JORDAN, Justice.

Patsy Johnson, appellant here, brought a petition in the Superior Court of Murray County to modify as to custody and visitation rights a judgment rendered in October of 1972, in which she was granted a divorce from her husband and custody of the minor children born of the marriage. The decree allowed the father certain visitation rights and required him to pay certain sums as child support to the appellant.

After hearing evidence the trial court entered an order in which the appellee, Johnny Johnson, lost his visitation privileges and was relieved of his duty to pay child support.

The appellant contends that the trial court erred in entering the portion of its judgment relieving appellee of his duty to pay child support.

Code Ann. § 30-220 allows an upward or downward revision in child support payments as the financial condition of the parties changes over the years. It does not allow a mother to barter away child support in return for an elimination of visitation privileges awarded to a father. *Glaze v. Strength,* 186 Ga. 613 (198 SE 721). Whether the wife or child is entitled to support is not an issue at a hearing for modification under Code Ann. § 30-220, but only whether there has been a substantial

change in the financial status of the husband sufficient to warrant a change in the amount of the award. Code Ann. § 30-221.

The right to child support belongs to the child, not the mother, and after the award has become part of the court's judgment she has no authority to waive it. Code § 102-106; *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859); *Varble v. Hughes,* 205 Ga. 29 (52 SE2d 303). Compare *Lanning v. Mignon,* 233 Ga. 665.

The court in its order stated that "The plaintiff stated that she did not desire to have child support if the defendant did not have visitation rights. On the other hand the defendant stated that if he did not have to pay child support he did not care about visitation rights." Such an agreement between the parents as to the elimination of child support is unenforceable. *Livsey v. Livsey,* supra.

Under the record in this case the trial court erred in relieving the defendant of his obligation to pay child support.

*Judgment reversed. All the Justices concur.*

SUBMITTED DECEMBER 30, 1974 — DECIDED FEBRUARY 11, 1975.

*McDonald, McDonald & McDonald, Ralph F. Martin, Jr., E. Crawford McDonald,* for appellant.

*Mitchell, Mitchell, Coppedge & Boyett, William W. Keith, III, John A. Henderson,* for appellee.