## 29980. FOREMAN v. FOREMAN.

JORDAN, Justice.

Judith Ann Foreman appeals from the grant of a summary judgment to Merlin E. Foreman, her former husband, in her action against him for modification of an alimony and child support judgment under Code Ann. § 30-220 (Ga. L. 1955, pp. 630, 631; 1964, pp. 713, 714).

In a 1972 divorce decree between the parties their agreement was made the judgment of the court. The motion for summary judgment was based solely on the ground that the agreement between the parties prevented the modification of the alimony and child support judgment. The question of income was not reached.

On appeal to this court the appellant has abandoned her claim of right to modify the alimony award in her behalf.

Paragraphs 12 and 15 are the portions of the agreement relevant to the issues involved in the appeal.

In Paragraph 12 the appellee agreed to pay $300 per month for the support of the two minor children of the parties. It was stipulated that his taxable income as of January 1, 1972, was approximately $20,000. He agreed that of every 10% increase in his salary from his primary employment, child support payments will be increased by 25% of whatever increase is reflected in his income, after income and social security taxes are paid. The increase is to be made on the first of January each year following the increase, and he will furnish the appellant a copy of his tax return each year.

Paragraph 15 is as follows: "Both parties specifically agree that nothing in this agreement shall be construed as a waiver or bar of any rights that either party to this agreement may have now or hereinafter under Georgia Code Annotated, Section 30-220, and any other related code section now in effect. The above applies to the child support for the children and does not apply to alimony for the wife which has been settled by this agreement."

1. The plain and unambiguous language of Paragraph 15 shows that the parties did not intend to waive the provisions of Code Ann. § 30-220 insofar as support for the children is concerned.

Furthermore, the appellant could not waive the right of the children to obtain an increase in child support which the law authorizes. *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859).

2. It is the contention of the appellee that Code Ann. § 30-220 does not authorize an action to increase the child support payments because of the escalation provisions of the agreement between the parties.

Code Ann. § 30-222 (Ga. L. 1955, pp. 630, 631) provides that an application for modification of an alimony award "can be filed only where the husband has been ordered by the final judgment . . . to pay permanent alimony in weekly, monthly, annual or similar periodic payments, and not where the wife, or child or children, or both, have been given an award from the corpus of the husband's estate in lieu of such periodic payment."

The appellee asserts that this section means that the modification statute applies only where there are continuing periodic payments *in the same amount,* and not where there are variable awards of child support based on a percentage of future income.

There is no merit in this assertion. The test as to the applicability of the statute is not whether the periodic payments will continue in the same amount, but whether the payments will continue at periodic intervals as opposed to an award from the corpus of the husband's estate.

3. It is argued by the appellee that the child support award is in gross from appellee's estate because it is a specific percentage of his future income with a fixed minimum amount.

There is no logic in this argument. The escalation feature merely provides for a possible increase in monthly (periodic) payments, which is no more an award from the corpus of the appellee's estate than the $300 per month minimum award.

4. The appellee explains the purpose of the escalation provision to be to allow the appellee sufficient financial flexibility to improve his financial condition by extra work above his primary employment without the threat of future modifications. This explanation is contrary to the paragraph of the agreement expressly

retaining the right of the parties to seek modification of the child support award under Code Ann. § 30-220. It is also contrary to Code Ann. § 30-220 which authorizes modification "in accordance with the changed income *and financial status* of the husband." (Emphasis supplied.) The appellant could not waive the right of the minor children to increased support in accordance with the improved financial condition of the appellee.

5. The judgment which will be entered in the modification action will not have the effect, as claimed by the appellee, of revising the base on which the escalation feature of the agreement is calculated. Should the judge, or jury, as the case may be, find that the appellee's financial condition has improved, consideration will be given to whether the evidence indicates that the escalating feature of the contract provides the proper increase in child support, or whether some additional monthly award should be made. Any additional amount awarded will not be added to the base of $300 for the operation of the escalating feature of the agreement.

6. The escalation feature of the agreement between the parties does not prevent the maintenance of an action for increased child support payments because of the alleged improved financial condition of the appellee, and the trial judge erred in sustaining the appellee's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 11, 1975 — DECIDED JUNE 24, 1975.

*James W. Lewis,* for appellant.
*Gregory T. Presmanes, Hopkins, Gresham & Whitley, H. Lowell Hopkins,* for appellee.