## 33344. FORRESTER v. BUERGER.

PER CURIAM.
The single issue presented on appeal is whether or not the appellant-father waived his statutory right to seek revision of the periodic child support payments established in his final decree of divorce. Relying upon *Kitfield v. Kitfield,* 237 Ga. 184 (227 SE2d 9) (1976), the appellee-mother insists that the trial court correctly held that the words "and the same shall not be subject to

modification" appearing in their settlement agreement incorporated into their divorce decree waived the father's right under Code Ann. § 30-220 to seek a *reduction* in his child support payments.

*Kitfield* and similar cases were concerned *alone* with the issue of whether or not there had been a waiver of the statutory right to a revision of periodic alimony payments *for the wife*. The present case is concerned *alone* with periodic *child support payments*.

Because the statutory right to seek revision of periodic child support payments belongs to the minor child and not to the mother, this court has held that the mother cannot waive, and the parents cannot bargain away, the child's right to seek *increases* in child support payments. *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859) (1972); *Johnson v. Johnson,* 233 Ga. 664 (212 SE2d 835) (1975); *Foreman v. Foreman,* 234 Ga. 646, 647 (217 SE2d 257) (1975). Neither may the wife waive nor the parents bargain away the right of the child to seek periodic child support payments although the original decree provides none if the father has not relinquished all parental rights. *Lanning v. Mignon,* 233 Ga. 665 (212 SE2d 834) (1975); *Quarles v. Quarles,* 237 Ga. 703 (229 SE2d 452) (1976).

The corollary principle is that the former husband *may* waive *his* right to seek a reduction of periodic child support payments. *Steffner v. Steffner,* 228 Ga. 189 (184 SE2d 575) (1971). The case of *Mitchell v. Mitchell,* 235 Ga. 101 (218 SE2d 747) (1975), is not to the contrary.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., Hall and Bowles, JJ., who dissent.*

SUBMITTED FEBRUARY 24, 1978 — DECIDED MARCH 8, 1978.

*Saliba & Newsom, George M. Saliba,* for appellant.
*Walker, Yancey & Gupton, Reuben H. Yancey,* for appellee.

NICHOLS, Chief Justice, dissenting.

The corollary principle that the majority should have applied is that although the former husband *may* waive his right to seek a reduction of periodic alimony payments

to his former wife, he *may not* in his capacity as father waive the statutory right to seek reduction of periodic child support payments. *Mitchell v. Mitchell,* 235 Ga. 101 (218 SE2d 747) (1975). The case of *Garcia v. Garcia,* 232 Ga. 869 (209 SE2d 201) (1974) is not to the contrary, the issue having been whether or not the language of the settlement agreement incorporated into the divorce decree waived rights. Anything in *Steffner v. Steffner,* 228 Ga. 189 (184 SE2d 575) (1971) contrary to what was said in *Mitchell* should have been expressly disapproved and overruled by the majority because *Steffner* was decided prior to *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859) (1974), the case that put to rest the assumption stated in *Grizzard v. Grizzard,* 224 Ga. 42, 44 (159 SE2d 400) (1968) that rights of the minor child to revisions of child support payments could be waived.

The principle I would apply is supported by sound public policy considerations as well as by the decision of this court in *Mitchell.* A father is more apt to make his periodic child support payments if they reasonably are within his means. See Foote, Levy & Sander, Cases and Materials on Family Law (2d Ed. Little, Brown & Co.) p. 848. Accordingly, it is in the interest of the child that the statutory right of the child to revisions of periodic child support payments not be waived by his parents so as to preclude reductions.

I would hold as this court held in *Mitchell* that "neither the father nor the mother could waive any rights as affected child support." I would reverse the judgment of the trial court.

I am authorized to state that Justices Hall and Bowles join in this dissent.