## 58227. PADOVA v. THE STATE.

DEEN, Chief Judge.

The defendant, admitted father of an illegitimate son born August 6, 1969, entered into a formal contract with the child's mother, an adult wage earner represented by counsel, to pay the mother the sum of $750 in settlement of all claims, the mother agreeing that the release act as a complete estoppel in any action growing out of the birth of the child. The money was paid. In 1977 demand was made on the defendant to pay child support, and at about the same time an accusation was taken out against him, resulting in a trial, a finding of guilty of abandonment, and this appeal.

1. The first defense was that the stipulated evidence (offered in lieu of a record in this case) showed the child was not in a destitute condition, the mother testifying that "the child has adequate support, clothing and housing . . . furnished by herself and her present husband." Code Ann. § 74-9902 was amended (Ga. L. 1965, p. 197) to provide in part: "If any father or mother shall wilfully and voluntarily abandon his or her child, either legitimate or illegitimate, leaving it in a dependent condition, he or she, as the case may be, shall be guilty of a misdemeanor. . . A child thus abandoned by the father or mother shall be considered to be in a dependent condition when the father or mother charged with the offense does not furnish sufficient food, clothing, or shelter for the

needs of the child." The statutory scheme relating to the enforcement of rights of illegitimate children, including Code Ann. § 74-9902, has been held constitutional. *Hudgins v. State,* 243 Ga. 798. The section refers to both parents, and makes it obvious that it is no defense as to one of them that the other has met the duties of support which he has failed to assume.

2. Nor is the contract entered into between the parents of this child a defense to the charge of abandonment. It is the child, not the parent, who is entitled to the support, and "the parents cannot bargain away, the child's right to seek *increases* in child support payments." *Forrester v. Buerger,* 241 Ga. 34 (244 SE2d 345) (1978).

This, however, is a concept of recent birth. Prior to the numerous amendments to the section, particularly the rewritten 1965 statute, settlement of parental duties where illegitimate children were involved was frequently approved as a matter of contract. In *Jones v. Peterson, Lott & Paulk,* 117 Ga. 58, 59 (41 SE 417) (1902) it was held: "The mother of a bastard child has a right, under the law, to settle with the father on such terms as may be agreed on." Although the position of the state is correct and the right of a child, legitimate or illegitimate, cannot be waived by the action of either parent or settled without court approval at the present time, this contract was entered into in 1969, at a time when the parents could enter into a contract for the support of the illegitimate child without court approval. Thus the defendant had a right to rely on the contract at the time it was made as not constituting an abandonment, providing he paid the sum stipulated therein, which was done. The abandonment to be criminal must be "wilfully and voluntarily" done. We cannot say that reliance on the prior contract (highly inadequate though it is) as a defense was wilful in the sense necessary to subject the defendant to criminal sanctions in view of the fact that the situation here presented appears to make a case of first impression in this state. In other words, the defendant must first be apprised that the contract is no defense. Abandonment is of course a continuing offense and for this reason the defendant could not, on a subsequent trial for the same

offense, rely upon the contract as an absolute defense, since the issue would be whether he wilfully continued to "not furnish sufficient food, clothing or shelter for the needs of the child."

*Judgment reversed. Shulman and Carley, JJ., concur.*

ARGUED JULY 3, 1979 — DECIDED SEPTEMBER 4, 1979.

*James E. McAleer,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.