## 35891. KAUFMANN v. KAUFMANN.

JORDAN, Presiding Justice.

Gary E. Kaufmann, the appellant, filed a petition to modify the divorce decree between himself and his former wife, Joan S. Kaufmann, the appellee. Following trial, the jury reduced the appellant's annual alimony payments from $24,000 to $23,200 and the trial court entered judgment accordingly, with the additional command that the appellant pay the appellee's attorney $1,750 as attorney fees. Having reviewed the record in conjunction with each of the appellant's enumerated errors, we affirm the judgment of the trial court.

1. The appellant argues that the trial court erred in granting the appellee's pretrial motion to strike the following amendment to the appellant's complaint: "[A]ppellant should be relieved of any obligation under the original decree to pay for private school tuition and summer camp costs for the children . . . [as well as] any obligation to render the house belonging to the parties habitable and suitable for the defendant . . ."

Immediately following the selection of the jury the appellant's attorney made the following statement to the trial court: "I can state in my place that we withdraw all allegations relating to the child support and all we want to do is modify alimony."

We hold that any error by the trial court in striking the appellant's prayer as regards child support was expressly waived by the appellant's attorney and that said waiver is binding on the appellant.

Second, we note that Code Ann. § 30-222 provides as follows: "[A petition for modification] . . . can be filed *only where* a party has been ordered by the final judgment in an alimony or divorce and alimony suit to pay permanent alimony in weekly, monthly, annual, or similar *periodic* payments . . ." (Emphasis supplied.) See *Foreman v. Foreman,* 234 Ga. 646, 647 (217 SE2d 257) (1975).

The divorce decree between the appellant and the appellee states that "the defendant is ordered and directed to satisfactorily see that the house is repaired, to make it habitable and suitable for the plaintiff and children at his own expense and *within a reasonable period of time."*

The italicized language in the preceding paragraph clearly demonstrates that the appellant's duty to repair the house was not a duty which contemplated periodic payments.

Accordingly, we hold that this duty was not capable of modification under Code Ann. § 30-222, and that the entirety of the appellant's first enumeration of error is without merit.

2. The appellant also argues that the trial court erred in allowing the appellee to establish (by cross examination of the appellant) that the divorce decree had conditioned the appellant's duty to pay private school tuition and summer camp costs on the appellant's financial ability, and that, in reliance on his allegedly reduced income, the appellant had in fact never paid either.

Code Ann. § 30-221 provides that "upon [a petition for modification] . . . the only issue is whether there has been such a substantial change . . . in the income and financial status of either former spouse . . . as to warrant either a downward or upward revision or modification of the permanent alimony judgment."

The contested testimony established that the parties had included in the original divorce decree a duty to pay child support on the part of the appellant which was

automatically modified (through the elimination of any duty to pay either private school tuition or summer camp costs) in the event of a reduction in the appellant's income. That the appellant's divorce liability had already been so modified was clearly relevant to the jury's determination whether there had been such a substantial change in the income and financial status of the appellant as to warrant the modification of alimony which the appellant sought in the present cause of action.

The appellant's second enumeration of error is without merit.

3. The appellant argues that counsel for the appellee exceeded the bounds of proper closing argument in two instances.

" 'While counsel should not be permitted in argument to state facts [which are] not in evidence, it is permisssible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court.' " *Walker v. State,* 232 Ga. 33, 36 (205 SE2d 260) (1974).

This enumeration of error is without merit.

4. The appellant argues that the trial court erred by including the following sentence in its charge to the jury: "The judgment of a court providing permanent alimony shall be subject to revision upon petition filed by either former spouse showing a change in the income and financial status of the former spouse *liable for such alimony.*"

The appellant argues that the quoted sentence incorrectly charged the jury that a change in the financial status of the former spouse liable for the permanent alimony was necessary to sustain the modification of said alimony.

"A trial court's charge to the jury must be read as a whole in determining whether the charge contained error." *Wood v. State,* 243 Ga. 273, 274 (253 SE2d 751) (1979).

We note that the quoted sentence was immediately preceded by the following charge to the jury: "The judgment of a court providing permanent alimony for the support of a spouse shall be subject to revision upon

petition filed by either former spouse showing a change in the income and financial status of *either* former spouse."

It is clear that the contested sentence merely emphasized to the jury that the phrase "either former spouse" meant that a change in the financial status of the former spouse liable for the permanent alimony was sufficient to sustain a modification.

This enumeration of error is without merit.

5. The appellant contends, for the following two reasons, that the trial court erred in ordering him to pay the attorney fees of the appellee: first, said order constitutes an abuse of discretion under Code Ann. § 30-223 because the appellant's petition for modification in fact resulted in a reduction of his original alimony obligation, and second, said order violates the constitutional prohibition against imprisonment for debt.

We find neither argument to be of merit. (Regarding the latter argument, see *Clements v. Tillman,* 79 Ga. 451, 454 (5 SE 194) (1887)).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 1, 1980 — DECIDED APRIL 29, 1980.

*Tony Center,* for appellant.
*Lawrence B. Custer,* for appellee.