## 36375. CARNEGIE v. THE STATE.

BOWLES, Justice.

The defendant was found guilty of abandonment of his illegitimate child. He was sentenced to 12 months confinement, suspended on condition that he pay $40.00 per month for the support of the child. On appeal, he alleges three enumerations of error.

1. Defendant contends that the State failed to prove that the alleged abandonment was wilful and voluntary. Defendant admitted having sexual relations with the mother nine months prior to the birth of the child. The mother of the child told defendant the child was his. There was evidence that he thereafter provided some support for the child. When defendant then chose not to contribute further to the child's support, this was sufficient evidence for a jury to find that the abandonment was wilful and voluntary within the meaning of the statute.

2. Defendant asserts that the child was not left in a dependent condition and that therefore the child had not been abandoned. The evidence showed that the child was being cared for by her mother and both were living in the home of the great-grandmother. The mother testified that the child was in need of financial assistance. "The section [Code Ann. § 74-9902] refers to both parents, and makes it obvious that it is no defense as to one of them that the other has met the duties of support which he has failed to assume." *Padova v. State,* 151 Ga. App. 167 (259 SE2d 169) (1979).

3. Defendant claims that Code Ann. § 74-9902 violates the Equal Protection Clause of the United States Constitution. The statute applies to both mothers and fathers of illegitimate or legitimate children. Both parents have a duty to support their children and both are subject to criminal prosecution for failure to do so. *Hudgins v. State,* 243 Ga. 798 (256 SE2d 899) (1979). Defendant attacks two sentences of the statute as violating equal protection. (a) "The accused father and mother of the illegitimate child may enter into a written agreement providing for future support of the child by regular periodic payments to the mother until such child reaches age 18 years . . ." (b) "Upon the trial of the accused father under this section, it shall be no defense that the accused father has never supported the child." While these two sentences may appear to be facially defective based on equal protection, neither sentence is applicable to defendant in this case[1] and thus he has no standing to

---

[1](a) There is no evidence of any written agreement in this case. (b) There was evidence that defendant provided some support to his child in the form of canned milk and cash.

attack them. See *Hall v. State,* 244 Ga. 86, 89 (259 SE2d 41) (1979).
*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 20, 1980 — DECIDED
JULY 16, 1980.

*Robert E. Baynard,* for appellant.
*William S. Lee, District Attorney, John C. Knowlton, Assistant District Attorney,* for appellee.