61089. STANCIL v. THE STATE.

BANKE, Judge.

The appellant was convicted of abandoning his three minor children. On appeal he enumerates as error several rulings of the trial court concerning the admissibility of testimony. He also contends that the verdict is unsupported by the evidence and that a mistrial should have been declared as a result of the solicitor's closing argument. *Held:*

1. Appellant's former wife, the mother and custodian of the children, asked on cross examination by appellant's counsel why she had ceased to allow appellant to visit the children, responded that appellant had told the children "he was going to burn us out." This answer was responsive to the question, and the trial court did not err in refusing to strike it or in failing to instruct the jury to disregard it. See generally *Henderson v. State,* 208 Ga. 73 (65 SE2d 175) (1951). "Counsel asked a question which left the field wide open for a reply such as was given and . . . can not complain of the outcome." *Gaddy v. State,* 96 Ga. App. 344, 346 (99 SE2d 837) (1957).

2. Appellant next complains that his former wife's testimony that he had not furnished any support for the children should not have been admitted because it was conclusory. This argument is without merit. The mother and custodian of the children was competent to give testimony that no support had been provided.

3. Appellant testified that he had worked and had earned some money but that he had not provided any support for his children. Over objection, the solicitor was allowed to ask appellant: "You come first, and they [the children] come last, is that right." The question was argumentative and should not have been allowed. However, we conclude that the question was not so inflammatory as to deny the appellant a fair trial. See *Shaw v. State,* 241 Ga. 308 (3) (245 SE2d 262) (1978). Appellant's answer to the question was consistent with and cumulative of his previous testimony that he had not provided support. This enumeration is without merit.

4. Appellant enumerates as error the denial of his motion for mistrial based on the solicitor's closing argument to the effect that if appellant's divorce decree had relieved him of the responsibility to support his children, the jury would have been informed of that fact. The trial court had previously ruled that the state would not be allowed to show that appellant was obliged by the divorce decree to provide financial support for the children.

The fact that a divorce decree existed was called to the attention of the jury by appellant's counsel. Under the circumstances, the solicitor's deduction with reference to it was not improper argument, nor was it prejudicial. See *Hightower v. State,* 225 Ga. 681 (3) (171 SE2d 148) (1969).

5. In his final enumeration of error, appellant contends that the evidence is insufficient to support his conviction. Upon our review of the record, we are satisfied that any rational trier of fact could reasonably have found proof of guilt beyond reasonable doubt. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171) (1979).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 20, 1981.

*Douglas W. McDonald, T. Andrew Dowdy,* for appellant.
*Linton K. Crawford, Solicitor,* for appellee.