## 66026. CRAWFORD v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for abandonment of a minor child. *Held:*

1. It is urged that the State failed to prove the abandonment of the minor child in a dependent condition.

The testimony of the State's witness was that the defendant had never provided support for the child and the defendant admitted this.

"In Georgia, a father is duty-bound and by law he is bound to support his child irrespective of whether the child owns property or has money sufficient to support himself and irrespective of whether the mother may have an estate that is ample to support the child, and irrespective of any agreement the mother may make as to such support. If the father does not comply with that duty imposed upon him by law, then this is *intentional and wilful*, voluntary abandonment as provided for in Code Ann. § 74-9902." *Williamson v. State,* 138 Ga. App. 306, 307 (3) (226 SE2d 102). In referring to former Code Ann. § 74-9902 (now OCGA § 19-10-1) this Court stated: "The section refers to both parents, and makes it obvious that it is no defense as to one of them that the other has met the duties of support which he has failed to assume." *Padova v. State,* 151 Ga. App. 167, 168 (259 SE2d 169). Accord, *Carnegie v. State,* 246 Ga. 187 (2) (269 SE2d 457).

The evidence was not insufficient for the reason argued. *Moody v. State,* 145 Ga. App. 734, 735 (245 SE2d 40); *Carnegie v. State,* 246 Ga. 187 (2), supra.

2. The defendant sought a new trial on the basis of newly discovered evidence. The trial judge denied defendant's motion, pointing out that the defendant was aware of the witness and the testimony he would provide prior to trial, and that no showing was made as to the unavailability of such witness. We further note the evidence was cumulative in character and failed to establish a different result would obtain. It was not error to overrule the motion for new trial on this ground ( *Curry v. State,* 155 Ga. App. 829 (4) (273 SE2d 411); *Vinson v. State,* 127 Ga. App. 607, 609 (194 SE2d 583); *Pace v. State,* 121 Ga. App. 251 (2) (173 SE2d 464); *Turner v. State,* 139 Ga. App. 503 (2) (229 SE2d 23); *Timberlake v. State,* 246 Ga. 488, 491 (271 SE2d 792)), nor for any other reason.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 16, 1983.

*David P. Daniel,* for appellant.
*David L. Lomenick, District Attorney, Christopher A. Townley,*
*Assistant District Attorney,* for appellee.