71148. EVANS v. STATE OF GEORGIA.
(341 SE2d 865)

Pope, Judge.

Deborah Lee Williams filed a verified petition in the circuit court of Bay County, Florida seeking child support payments from appellant Rainer Lee Evans, a resident of Cobb County, Georgia, pursuant to the Uniform Reciprocal Enforcement of Support Law (URESA). The petition was transmitted to Cobb Superior Court and, following a hearing on the matter, appellant was directed to pay $200 per month as support for his illegitimate minor daughter presently residing with her mother, the petitioner Williams. Appellant brings this appeal from the order and raises two enumerations of error.

1. Appellant first assigns error to the trial court's denial of his motion to dismiss the URESA petition on the ground that there had been no prior adjudication of paternity. In support of this argument appellant cites OCGA § 19-11-43 (6) as requiring an adjudication of paternity as a condition precedent to bringing a URESA petition. That Code section provides: " 'Duty of support' includes any duty of support imposed or imposable by law or by any court order, decree, or judgment . . . ; for purposes of this article, in determining the existence of a duty of support, the following criteria *may be considered, without limitation:* . . . (6) Whenever a person has been adjudicated by a court of competent jurisdiction as the parent of an illegitimate child, the person shall be legally liable for the support of the child in

the same manner in which the person would owe the duty of support if the child were a legitimate child." (Emphasis supplied.)

It is clear from the plain language of the statute that while a formal adjudication of paternity "may be considered" in determining the existence of a duty of support under URESA, the trial court is expressly not limited to this criterion. Although appellant and Williams were never married, appellant declined to challenge his alleged paternity of the subject child prior to trial. During his testimony at trial, appellant admitted paternity of the child and that his name was placed on the child's birth certificate as the father. Further, he had regularly visited the child and paid $75 per month as child support pursuant to an informal agreement with Williams. Under these circumstances, appellant's first enumeration of error provides no ground for reversal. Cf. *Dept. of Human Resources v. Carlton*, 174 Ga. App. 30 (329 SE2d 181) (1985).

2. Appellant's second enumeration alleges that there was no evidence that he had "failed and refused to support" the child. The evidence of record shows that appellant had been paying $75 per month directly to Williams as child support and also had been purchasing a $25 savings bond monthly in the name of the minor child. Relying on OCGA § 19-11-52, which provides that "no cause of action shall arise [under URESA] unless the obligee is in need of support or the obligor has failed and refused to support the obligee," appellant argues that his testimony fully rebuts Williams "conclusory" evidence that she needs $200 per month as child support.

It is clear from the statute that a cause of action arises under URESA if *either* the obligee (here the minor child) is in need of support *or* the obligor (here appellant) has failed and refused to support the obligee. The petition in this case does not allege that appellant has failed and refused to support his illegitimate minor daughter, but essentially that the child is in need of additional support. In her verified petition for support Williams stated that since September 1984 appellant had "refused fully and neglected to provide fair and reasonable support for the petitioner and his dependent(s) according to his means and capacity." In response to written questions in support of her petition, Williams averred inter alia that she was employed and earning $4.54 per hour, that she needed $200 per month for support for herself and the child, and that appellant was employed as an air traffic controller earning $1,400 per month net income. Appellant at trial verified this amount as his net income and also testified as to his living expenses as a single person.

The purposes of URESA "are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." OCGA § 19-11-41. As noted above, " '[d]uty of support' includes any duty of support imposed or

imposable by law. . . ." OCGA § 19-11-43. "Duties of support applicable under this article are those imposed or imposable under the laws of any state in which the obligor was present during the period for which support is sought." OCGA § 19-11-49. "All duties of support . . . are enforceable by petition irrespective of relationship between the obligor and obligee." OCGA § 19-11-51.

Under Georgia law "[i]t is the joint and several duty of each parent of an illegitimate child to provide for the maintenance, protection, and education of the child until he reaches the age of majority, except to the extent that the duty of one parent is otherwise and further defined by court order." OCGA § 19-7-24. Under this Code section the mother of an illegitimate child may maintain a civil action to compel the father to support his illegitimate child. *Poulos v. McMahan*, 250 Ga. 354 (2d) (297 SE2d 451) (1982). Williams' URESA petition was sufficient to set forth such a cause of action. See generally *Simmons v. Chambliss*, 128 Ga. App. 218 (1) (196 SE2d 183) (1973). See also OCGA § 19-11-54. Williams, as mother and custodian of the minor child, was clearly competent to testify that the child was in need of support, and that $200 per month was required to support herself and the child. See *Stancil v. State*, 157 Ga. App. 189 (2) (276 SE2d 871) (1981). If appellant was not satisfied with this evidence, he could have pursued further elaboration by discovery procedures available under OCGA § 19-11-62, procedures he did not employ in this case. In any event, in this state " 'a father is duty-bound and by law he is bound to support his child irrespective of whether the child owns property or has money sufficient to support himself and irrespective of whether the mother may have an estate that is ample to support the child. . . .' " *Crawford v. State*, 166 Ga. App. 643 (1) (305 SE2d 403) (1983). Since appellant's statutory duty to support his illegitimate child has been established, the issue thus becomes whether the amount of child support awarded by the trial court was reasonable, irrespective of the amount of support alleged to be needed in the petition. On the basis of the record before us, we cannot say as a matter of law that the award in this case was excessive. See generally *Hubbard v. Hubbard*, 214 Ga. 294 (2) (104 SE2d 451) (1958). Accordingly, this enumeration also provides no ground for reversal.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

While I concur in the judgment, I think it necessary to point out that we construe and believe the trial court construed the mother's motion for support and sworn answers on a form questionnaire to be for $200 support per month for the child alone. She, of course, was entitled to no support for herself. Although the form questionnaire

asks what is required for support "for yourself and child(ren)," her response of $200 obviously relates to the needs of the child alone; she was seeking only child support payments, and she named only the child as the respondent's dependent. Were her written testimony on the form not so construed, there would be no evidence that the monthly monetary requirement for the child was $200. There would only be evidence that the child's requirement was some unspecified *part* of $200, and respondent was already paying $100.

DECIDED FEBRUARY 6, 1986 —
REHEARING DENIED FEBRUARY 24, 1986 —

*Benjamin W. Beazley*, for appellant.
*Thomas J. Charron, District Attorney, Patricia Downing, Mary Foil Russell, Staff Assistant Attorneys General*, for appellee.