## A04A0014. GREENE v. THE STATE.
(601 SE2d 490)

BARNES, Judge.

Following a bench trial, Charles D. Greene was convicted of child abandonment and sentenced to three years probation with 330 to 360 days to be served in a detention center. The sentence was amended to suspend service in the detention center upon payment of $10,000 of the $29,945.52 arrearage, and to allow for first offender status. His motion for a new trial was denied, and Greene now appeals his conviction, asserting that the trial court erred in finding him guilty of abandonment of a dependent child because there was no evidence that the children were in a dependent condition. Upon finding the evidence sufficient to support Greene's conviction, we affirm.

Viewed in the light most favorable to the trial court's judgment, the record shows that Greene and his former wife were divorced in a 1993 proceeding in Chatham County in which the final order required defendant to pay $150 per month child support for each of his two minor sons. As of October 25, 2002, the date of the trial, Greene was over $30,000 in arrears for child support. Although his ex-wife received a tax offset of $3,570 in 1997, the only other payments were partial payments made in 2001 and 2002. Greene would contact the

children at most twice a year, at Christmas and their birthdays, and send between $5 and $10 as gifts. Other than a few weekends during the first year of the divorce, Greene never exercised the visitation provisions from the divorce decree. From 1994 until the time the youngest son died in 2002, he saw the boys only three or four times. After the divorce, Greene's ex-wife could not pay the mortgage or truck payments, and borrowed money from relatives to get by. At one point, she had to borrow money from her brother so that she could have the heat turned on in the home.

"There are two elements in the offense of abandonment of child: (a) desertion, that is, the wilful forsaking and desertion of the duties of parenthood; [and] (b) dependency, that is, leaving such child in a dependent condition. Both elements must be present to complete the offense." (Citations and punctuation omitted.) *Fairbanks v. State*, 105 Ga. App. 27, 29 (123 SE2d 319) (1961). Greene's sole argument is that the State failed to prove that the allegedly abandoned children were in a dependent condition because the evidence does not support that they were ever in need of the basic necessities.

Pursuant to OCGA § 19-10-1 (a), a child abandoned by its father shall be considered to be in a dependent condition when the father "does not furnish sufficient food, clothing, or shelter for the needs of the child." However,

> [i]n Georgia, a father is duty-bound and by law he is bound to support his child irrespective of whether the child owns property or has money sufficient to support himself and irrespective of whether the mother may have an estate that is ample to support the child, and irrespective of any agreement the mother may make as to such support. If the father does not comply with that duty imposed upon him by law, then this is intentional and wilful, voluntary abandonment as provided for in [OCGA § 19-10-1]. . . . The section refers to both parents, and makes it obvious that it is no defense as to one of them that the other has met the duties of support which he has failed to assume.

(Citations and punctuation omitted.) *Crawford v. State*, 166 Ga. App. 643 (1) (305 SE2d 403) (1983).

The evidence also shows that, while the mother was able to adequately provide for the children, she had to resort to borrowing from relatives for support, and was, at various times, in need of financial support, none of which she received from Greene. See *Carnegie v. State*, 246 Ga. 187 (2) (269 SE2d 457) (1980), see also *Fairbanks v. State*, supra, 105 Ga. App. at 30 (upon father's wilful failure to furnish child with the necessities of life, and the child

becoming dependent upon persons other than the father, the offense of abandoning his minor child is complete).

Accordingly, proof that Greene did not provide support, and that the mother was forced to rely on her family for assistance to support her sons is sufficient to authorize the trial court's conclusion that the children were dependent for necessities under OCGA § 19-10-1 (a) because of Greene's abandonment. *Padova v. State*, 151 Ga. App. 167, 168 (1) (259 SE2d 169) (1979).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 28, 2004.

*Lloyd D. Murray*, for appellant.
*Tom Durden, District Attorney, Henry P. Smith, Assistant District Attorney*, for appellee.

