A07A0859. CARTER v. THE STATE.
(651 SE2d 544)

RUFFIN, Judge.

Following a jury trial, Julian Carter was convicted of ten misdemeanor counts of child abandonment. Carter appeals, challenging the sufficiency of the evidence. We find the evidence sufficient and affirm.

---

When reviewing a defendant's challenge to the sufficiency of the evidence, the defendant no longer enjoys the presumption of innocence, and we view the evidence in a light most favorable to the jury's verdict.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2] So viewed, the evidence shows that Carter was obligated to pay child support for his minor daughter in the amount of $114 per month, pursuant to court order. The child's mother, Bonita Ellis, testified that Carter failed to make the required payments in April 2003, December 2003, April 2004, May 2004, July 2004, September 2004, October 2004, January 2005, March 2005, and August 2005. Ellis had a full-time job and a part-time job, working during the hours of 7:00 a.m. until 10:00 p.m., and she struggled to provide her daughter with food, shelter, and clothing.

A conviction for child abandonment requires proof of the following two elements: "(a) desertion, that is, the wilful forsaking and desertion of the duties of parenthood; and (b) dependency, that is, leaving such child in a dependent condition."[3] A child abandoned by her father is in a dependent condition when the father "does not furnish sufficient food, clothing, or shelter for the needs of the child."[4]

Carter contends that his failure to pay child support was not wilful because he was unable to pay the required amount. At trial, he testified that he failed to make some of his child support payments because he was in jail and had to retain a lawyer for his criminal case. However, the record shows that during much of the time Carter failed to provide support for his minor daughter, he worked for his father's construction company, making as much as $1,200 per month, and he paid a $900 mortgage each month and supported other family members. On one occasion, he hosted a birthday party for his daughter, providing food for at least twenty-two other children.

"Determining the credibility of the witnesses is entirely within the province of the jury."[5] The jury was free to disbelieve Carter's testimony that he was unable to pay the child support he owed.[6] Further, pretermitting the defendant's testimony, proof that a parent "substantially and persistently failed to comply with [a child] support

---

[1] See *Davis v. State*, 285 Ga. App. 315 (645 SE2d 753) (2007).

[2] See id.

[3] (Punctuation omitted.) *Greene v. State*, 268 Ga. App. 125, 126 (601 SE2d 490) (2004).

[4] OCGA § 19-10-1 (a).

[5] *Johnson v. State*, 284 Ga. App. 147, 148 (1) (a) (643 SE2d 556) (2007).

[6] See *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006); *Fields v. State*, 263 Ga. App. 11, 12 (587 SE2d 171) (2003).

obligation is sufficient to authorize a finding of wilful abandonment."[7] Accordingly, evidence that Carter did not provide the child support required by court order and that Ellis struggled to provide for their daughter is sufficient to authorize the jury's verdict.[8]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 10, 2007.

*Mary Erickson, Anthony G. Davis*, for appellant.
*Gregory R. Barton, Solicitor-General, Evelyn Proctor, Assistant Solicitor-General*, for appellee.

