## 66958. SAMPLE v. POTERALSKI.

POPE, Judge.

This appeal arises from a garnishment filed by appellee on January 5, 1982 seeking enforcement of a judgment for child support as set forth in a divorce decree entered on December 28, 1978. Under the decree, appellee was awarded custody of the minor child of the parties and appellant was ordered to pay $30.00 per week as child support. Subsequently upon appellee's application, appellant was found in contempt for failure to pay such child support and was found

to be in arrears on August 16, 1979 in the amount of $590.00. By order of August 17, 1979 appellant was ordered to purge himself of the contempt; this he failed to do.

In the interim, appellee remarried and her husband filed a petition to adopt the minor child which culminated in a final order of adoption on October 19, 1981. Pursuant to the adoption proceeding, appellant's parental rights were terminated based upon his failure to pay child support for twelve months immediately prior to the filing of the petition. As of the date of the final order of adoption, appellant's arrearages in child support plus attorney fees totaled $3,725.00.

On December 30, 1981 appellee filed this garnishment proceeding naming Union Camp Corporation as garnishee. Appellant filed a traverse to such garnishment which was denied by the trial court.

Appellant appeals from the order denying his traverse to the garnishment contending that the final order of adoption entered on October 19, 1981 extinguished his past and future obligations for payment of child support. This argument is based on the statute explaining the effect of a decree of adoption, OCGA § 19-8-14 (Code Ann. § 74-413), which provides in subsection (a)(1): "Except with respect to a spouse of the petitioner and relatives of the spouse, a decree of adoption relieves the natural parent(s) of the adopted individual of all parental rights and responsibilities and terminates all legal relationships between the adopted individual and his relatives, including his natural parent(s), so that the adopted individual *thereafter* is a stranger to his former relatives for all purposes, including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after the adoption is decreed, which do not expressly include the individual by name or by some designation not based on a parent and child or blood relationship[.]" (Emphasis supplied.)

We agree with the trial court that appellant's contention is correct regarding his responsibility to make child support payments after the date of the adoption order. We find the statute to be quite clear in relieving from future child support obligations the natural parent whose parental rights have been terminated pursuant to an adoption proceeding.

However, contrary to appellant's position, we also agree with the trial court that, while his responsibility for child support payments ended with the entry of the order of adoption, appellant's obligation was not so relieved for the arrearages in child support payments which accrued prior to the adoption. The accrued arrearages represent monies due pursuant to a valid judgment ordering

payments for the support and benefit of the minor child. See *Johnson v. Johnson,* 233 Ga. 664 (212 SE2d 835) (1975). Therefore, while the adoption decree unquestionably operates prospectively to terminate appellant's obligation for the support of his natural child, we hold that it has no such retrospective operation. Such arrearages are still due and owing and have not been eradicated by the adoption decree. The trial court was, thus, correct in denying appellant's traverse to the garnishment filed to enforce payment of these funds.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 5, 1984.

*George M. Hubbard III,* for appellant.
*Adam P. Cerbone,* for appellee.