0383

Karen P. NAPIER, Respondent, v. Edward Lee KILGORE, Appellant.

(326 S. E. (2d) 171)

Court of Appelas

*C. Rauch Wise*, Greenwood, *for appellant.*

*Thomas E. Hite, Jr.*, Abbeville, *for respondent.*

Heard Dec. 12, 1984.

Decided Feb. 1, 1985.

SANDERS, Chief Judge:

Edward Lee Kilgore (the father) and Karen P. Napier (the mother) were previously married. At the time of their divorce, the father was ordered to pay support for the one child born during the marriage. He now appeals an order of the Family Court requiring him to pay child support arrearage which accrued prior to the child's adoption by the mother's second husband. We affirm.

The material facts are undisputed. The parties were divorced when their son was approximately one year old. The father was ordered to pay $30 weekly child support to the mother, who was awarded custody. Thereafter, the mother moved to North Carolina and remarried, and the father consented to the adoption of their son by her second husband.

On two occasions prior to the adoption, the father was ordered into Family Court for failing to pay past-due child support. The month after the adoption was finalized in North Carolina, the mother initiated proceedings against the father, seeking payment of $2,400 in child support arrearage which had accrued prior to the adoption.

The trial judge concluded that the father was liable for the arrearage and ordered that it be paid at the rate of $100 per month.

We are not presented here with the question of the effect of an alleged agreement between the natural parents that the father's arrearage would be forgiven upon his consent to the adoption.[1] Instead, the father argues only that the final decree of adoption extinguished his parental obligations retroactively because the child's right to support had not vested. This question is apparently one of first impressions in South Carolina.

The South Carolina Children's Code provides that after a final decree of adoption is entered, the natural parents of the child ". . . shall be relieved of all parental responsibilities for the child and have no rights over such adopted child." S. C. Code Ann. § 20-7-1770 (Supp. 1983). The law in North Carolina, the state which issued the adoption decree, contains similar provisions. N. C. Gen. Stat. § 48-23 (1976). Courts in West Virginia and New Jersey have interpreted their respective adoption statutes, which divest the natural parent of all legal rights and obligations with respect to the adopted child, as contemplating ". . . a complete severing, a clean break of the adopted child's ties and relationship with the natural

---

[1] This question has not been resolved in South Carolina, although both this court and our Supreme Court have held that the rights of a minor child to support cannot be prejudiced by an agreement between the parents or third parties. *Peebles v. Disher*, 279 S. C. 611, 310 S. E. (2d) 823 (S. C. App. 1983), *citing, Lunsford v. Lunsford*, 277 S. C. 104, 282 S. E. (2d) 861 (1981).

parent *in futuro.* " *Hopkins v. Yarbrough,* 284 S. E. (2d) 907 at 909 (W. Va. 1981), *citing, C. v. R.,* 169 N. J. Super. 168, 404 A. (2d) 366 (1979). We so interpret Code section 20-7-1770. As further stated by the New Jersey court, "Had the Legislature intended to extinguish accrued child support arrears retroactively upon the adoption of a child, it would clearly and explicitly so provide." *C. v. R.,* 404 A. (2d) at 370.

However, we do not adopt the further holding of *C. v. R.* that child support payments do not vest as they accrue, and arrearages vest and are recoverable from the natural parent only if reduced to a money judgment prior to the entry of a judgment of adoption. Instead, we choose to follow the holding of *Hopkins v. Yarbrough.* There, it was held that child support payments vest as they accrue, and the natural parent is liable for arrearages which accrue prior to adoption. Similarly, our sister state of Georgia has held that accrued child support arrearages are due and owing and are not eradicated by an adoption decree. *Sample v. Poteralski,* 169 Ga. App. 448, 313 S. E. (2d) 145 (1984). *See also Fleming v. Fleming,* 49 N. C. App. 345, 271 S. E. (2d) 584 (1980), *citing, Adair v. Superior Court of Maricopa County,* 44 Ariz. 139, 33 P. (2d) 995 (1934) (installments of child support, as well as alimony, become vested when they become due).[2]

Accordingly, we hold that child support payments vest as they accrue, and a natural parent's arrearages are not automatically extinguished by a decree of adoption. The order of the Family Court is

Affirmed.

BELL and CURETON, JJ., concur.

---

[2] We decline, however, to adopt the result reached in some states that courts are without authority to modify or cancel such accrued payments. *See, e.g., Hopkins v. Yarbrough,* 284 S. E. (2d) 907; *Skinner v. Skinner,* 252 Ga. 512, 314 S. E. (2d) 897 (1984). Even though vested, those payments are subject to divestature. *Cf. Grossman v. Grossman,* 242 S. C. 298, 130 S. E. (2d) 850 (1963) (court of equity can change amount of [periodic] alimony granted on showing of altered circumstances, including installments already accrued).