1315

Nancy ALLEY, Appellant v. Wilburn BENNETT, Respondent.

(379 S. E. (2d) 294)

Court of Appeals

*V. Laniel Chapman* and *Bruce A. Byrholdt,* both of *Chapman, King & Byrholdt,* Anderson, *for appellant.*

*Harold R. Lowery,* of *Lowery, Hood & Thompson,* Anderson, *for respondent.*

Heard Jan. 24, 1989.

Decided April 10, 1989.

*Per Curiam:*

Appellant, Nancy Alley, brought this action against her ex-husband, respondent, Wilburn Bennett, seeking, among other things, child support arrearages. From a family court order terminating Bennett's child support obligation and suspending all arrearages, Alley appeals. We affirm in part and reverse in part.

Alley sued Bennett for the arrearages and Bennett answered and defended, asserting estoppel and equitable adoption of the parties' minor daughter, Shanna, by Alley's current husband, Carl Alley. Following a hearing on the matter, the trial judge issued his order finding a *de facto* or equitable adoption had occurred, Alley was estopped from

claiming any arrears in child support, and Bennett was relieved from further payment of child support. Alley filed a motion to reconsider. Following a hearing on the motion, the trial judge issued a new order adhering to his earlier ruling. He also found Alley was estopped from claiming child support as she came before the court with unclean hands.

Alley and Bennett were divorced in 1977 and Alley received custody of Shanna. Bennett was ordered to pay $25 weekly child support. In 1981, Alley remarried. In 1983, her current husband, Carl, became disabled and began drawing social security benefits. Shanna also drew social security benefits based on Carl's disability.

In 1983 and in 1986, actions were brought to change Shanna's surname to that of her stepfather, which actions were contested by Bennett and dismissed by the court. Thereafter, the parties discussed the adoption of Shanna by Carl, and Bennett agreed to the adoption. Thinking the adoption was going through, Bennett ceased support payments. Two or three months later, Bennett learned the adoption had not taken place and he resumed sporadic payments. Even though the petitions for her name change were dismissed, Alley allowed the child's name to be registered as Shanna Lee Alley on both her school records and driver's license. Bennett never agreed to change the child's name. Shanna, who was seventeen years old at the time of the hearing, testified she considered Carl Alley to be her father and wanted nothing to do with Bennett.

Alley argues, because South Carolina does not recognize the doctrine of equitable adoption, the order terminating Bennett's support obligation has no basis. She further argues the trial judge erred in suspending all of Bennett's child support arrearages.

In *Napier v. Kilgore*, 284 S. C. 313, 326 S. E. (2d) 171 (Ct. App. 1985), this court held child support payments vest as they accrue and the natural parent is liable for arrearages which accrue prior to adoption. However, we further noted, even though accrued payments are vested, they are subject to divestiture. *Id.* 326 S. E. (2d) at 173, note 2.

At the hearing on the motion to reconsider, the trial judge recognized that adoption exists in this state only by virtue of

statutory authority. He stated, however, that Alley had come into court with unclean hands and "had done exactly what the court had not allowed her to do in the beginning" by allowing the child to change her name. In his order on the motion to reconsider, he found "there had been an adoption." He further found that Alley came before the court with unclean hands and she was therefore "estopped from asserting any rights that she may have to child support for the minor child."

The adoption of a child was a proceeding unknown to the common law and exists in this state only by virtue of statutory authority which expressly prescribes the conditions under which an adoption may legally be effected. *See Hucks v. Dolan*, 288 S. C. 468, 343 S. E. (2d) 613 (1986) citing *Driggers v. Jolley*, 219 S. C. 31, 64 S. E. (2d) 19 (1951). The method of adoption provided by statute is exclusive. *Smith v. Atlantic Coast Line R. Co.*, 212 S. C. 332, 47 S. E. (2d) 725 (1948). Therefore, the portions of the trial judge's orders finding an adoption had occurred must be reversed. However, the trial judge made an alternate ruling that Alley came into court with unclean hands and was estopped from claiming child support. Alley took no exception to this ruling and failed to argue it in her brief. We therefore affirm the termination of child support and suspension of arrearages.

Affirmed in part and reversed in part.