In re the **MARRIAGE OF Sharon D. MURRAY** a/k/a **Sharon D. Smith, Appellee,**

**and**

**Russel Murray III, Appellant.**

**No. 88CA1397.**

Colorado Court of Appeals, Div. II.

Oct. 26, 1989.

Rehearing Denied Nov. 30, 1989.

Certiorari Denied April 16, 1990.

Margaret Whipple–Warner, Denver, for appellee.

Sally S. Townshend, Denver, for appellant.

Opinion by Judge SMITH.

Russel Murray III (father) appeals the order of the trial court denying his motion to vacate a judgment for unpaid child support entered after a decree of adoption was entered. We affirm.

Father's marriage to Sharon D. Smith (mother) was dissolved in August 1978, and he was ordered to pay total support for their child in the amount of $300 per month. Mother remarried in 1984. Her new husband's petition for a step-parent adoption was granted in January 1986 with father's written consent. In 1987, child support arrearages which had accrued prior to the entry of the adoption decree were reduced to judgment and garnishment proceedings were commenced. Father's challenge to that garnishment culminated in the order here at issue.

## I.

■ Father first contends that a child's adoption automatically divests a parent from the obligation for any past due child support. We disagree.

As it then existed, § 19-4-113, C.R.S. (1986 Repl.Vol. 8) (current version § 19-5-211, C.R.S. (1988 Cum.Supp.)) provided:

"(1) After the entry of a final decree of adoption, the person adopted shall be, to all intents and purposes, the child of the petitioner. He shall be entitled to all the rights and privileges and be subject to all the obligations of a child born in lawful wedlock to the petitioner.

(2) The natural parents shall be divested of all legal rights and obligations with respect to the child, and the adopted child shall be free from all legal obligations of obedience and maintenance with respect to the natural parents."

While the natural parent is relieved of legal obligations as a result of the adoption, at the same time, the statute terminates only the child's obligations to the natural parent and not the child's rights. *In re Estate of Bomareto*, 757 P.2d 1135 (Colo.App.1988).

■ The inherent right to support belongs to the child. *McQuade v. McQuade*, 145 Colo. 218, 358 P.2d 470 (1960). Furthermore, each installment of child support maturing under a decree which has not been modified becomes a judgment debt. *Drazich v. Drazich*, 153 Colo. 218, 385 P.2d 259 (1963). *See also Colorado State Bank v. Utt*, 622 P.2d 584 (Colo.App.1980).

In *Hopkins v. Yarbrough*, 168 W.Va. 480, 284 S.E.2d 907 (1981), the legal effect of an order of adoption under a statute comparable to ours was decided. In West Virginia, child support payments also vest as they accrue. *The Hopkins* court held that, absent fraud or other judicially cognizable and harmful circumstances in the procurement of a decree for child support, a court is without authority to modify or cancel arrearages of a former husband's child support payments which accrued prior to the date of the adoption of such children by the wife's subsequent husband.

Father argues that *Hopkins* is not applicable because it is based on the particular language of the West Virginia statute. There, the phrase, "from and after the entry of a final decree of adoption," precedes language in the statute comparable to § 19-4-113(1) C.R.S. (1986 Repl.Vol. 8). In addition, the phrase, "upon the entry of such order of adoption," precedes language comparable to § 19-4-113(2) C.R.S. (1986 Repl.Vol. 8B). However, in our view, the additional language is of no significance.

A statute is to be construed as a whole to give a consistent, harmonious, and sensible effect to all its parts. *Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo. 1986); § 2-4-201, C.R.S. (1980 Repl.Vol. 1B). For all practical purposes, our statute is identical to that of West Virginia. Moreover, when § 19-4-113 is read as a whole, the phrase "after the entry of a final decree of adoption" necessarily applies to both subsections (1) and (2). Therefore, we conclude that a decree of adoption does not divest a parent of his or her obligation for child support which accrued prior to the entry of the decree. *Accord Sample v. Poteralski*, 169 Ga.App. 448, 313 S.E.2d

870

145 (1984); *Napier v. Kilgore,* 284 S.C. 313, 326 S.E.2d 171 (Ct.App.1985).

## II.

Father also asserts that even if his child support obligation was not divested by the decree of adoption, mother is estopped from asserting a claim for accrued child support arrearages because his consent to adoption was given in reliance upon the representation that the arrearages would be forgiven.

■ The needs of children for child support are of paramount importance and cannot be altered by agreement of the parties. *Wright v. Wright,* 182 Colo. 425, 514 P.2d 73 (1973). However, as stated in *Griffith v. Griffith,* 152 Colo. 292, 381 P.2d 455 (1963), there may be grounds for equitable relief from the obligation for child support arrearages under certain circumstances.

Such equitable relief is called for if a representation is made which is believed by the party seeking such relief and if he has reasonably relied on such representation and was influenced and misled thereby. *Carey v. Carey,* 29 Colo.App. 328, 486 P.2d 38 (1971). *See also Johnson v. Industrial Commission,* 761 P.2d 1140 (Colo.1988) (setting forth the four basic elements of estoppel).

Here, neither party testified at trial. Consequently, no findings were made on the issues whether a representation had been made with the intent that it be acted on and, if so, whether father was ignorant of the true facts and reasonably relied to his detriment on such representation. The record does not reflect whether an evidentiary hearing was requested.

■ Statements made in the briefs of a party cannot supply that which must appear from a certified record. *Loomis v. Seely,* 677 P.2d 400 (Colo.App.1983). It is the obligation of the party asserting error to present a record that discloses the error. Otherwise, the judgment entered is presumed correct. *See Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983). *See also People*

*v. Tippett,* 733 P.2d 1183 (Colo.1987). Such is the case here.

Order affirmed.

TURSI and FISCHBACH, JJ., concur.