591 A.2d 501

**Wanda STAMBAUGH**

v.

**CHILD SUPPORT ENFORCEMENT
ADMINISTRATION et al.**

**No. 126, Sept. Term, 1990.**

Court of Appeals of Maryland.

June 26, 1991.

William M. Ferris (Michaelson, Krause & Ferris, P.A., on brief), Annapolis, for appellant.

Gloria Barnhart (Brown, Brown & Brown, P.A., on brief), Bel Air, Joseph B. Spillman, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ., and MARVIN H. SMITH (retired, Specially Assigned).

KARWACKI, Judge.

This case concerns the validity of an agreement by a mother to waive arrearages in court ordered support for her children in exchange for a consent by her former husband and the father of her children to an adoption of the children by the mother's present husband.

## I.

Wanda Stambaugh and Melvin Marsh were divorced by the Circuit Court of Baltimore City on September 4, 1980. The court awarded custody of their two sons, born on August 10, 1973 and March 3, 1978, to Mrs. Stambaugh. Mr. Marsh was ordered to pay $30 per week per child through the Baltimore City Probation Department for the support of the children. Enforcement of this support order was subsequently assumed by the Child Support Enforcement Administration. *See* Maryland Code (1984) § 10–106 *et seq.* of the Family Law Article.

Wanda Stambaugh married Bruce Stambaugh on February 14, 1981. In October of 1984, Mrs. Stambaugh and her attorney advised Mr. Marsh that Mr. Stambaugh wished to adopt Mrs. Stambaugh's children, and they asked him to sign a consent to that adoption. At that time Mr. Marsh was over $10,000 in arrears in the payments which he had been ordered to make for the support of his children. According to Mr. Marsh, he agreed to execute a consent to the adoption of his children only after Mrs. Stambaugh orally agreed to waive all claims for support of the children which had then accrued and which would accrue in the future. Mrs. Stambaugh strenuously denies any such agreement.

The adoption proceeding was instituted in the Circuit Court for Anne Arundel County on November 14, 1984. Mr. Marsh's consent to the adoption was filed in that case. The final order of adoption was entered on March 19, 1987.

The Child Support Enforcement Administration was not made aware of the adoption of Mrs. Stambaugh's children by her husband and pursuant to § 10–113 of the Family Law Article caused a Maryland income tax refund due Mr. Marsh in the amount of $1,114.89 to be intercepted on April 17, 1989. Mr. Marsh retained counsel and challenged that interception. A hearing examiner of the Child Support Enforcement Administration, after considering evidence offered by both Mrs. Stambaugh and Mr. Marsh, concluded that Mrs. Stambaugh had waived all rights to past and future support for her children in exchange for Mr. Marsh's consent to the adoption of his children by Mr. Stambaugh, and on August 25, 1989, ordered that the intercepted tax refund be returned to Mr. Marsh. Mrs. Stambaugh timely filed an appeal from that decision to the Circuit Court for Baltimore City in accordance with Maryland Rule B1 and COMAR 07.07.02.05D.

On October 4, 1989, Mr. Marsh filed a motion in the case in which he and Mrs. Stambaugh had been divorced in 1980 (Case No. 80123033/B–120588), asking that the outstanding child support order entered therein be terminated and that the court abate all arrearages in child support payments. That case was then consolidated with the pending appeal from the Child Support Enforcement Administration (Case No. 89261047/CL102908).

After hearing conflicting evidence offered by Mrs. Stambaugh and Mr. Marsh, the trial judge found as a fact that Mr. Marsh had executed a consent to the adoption of his children by Mr. Stambaugh in consideration of a promise by Mrs. Stambaugh to waive all claims for past or future support of the children by Mr. Marsh. Accordingly, the court terminated the order requiring Mr. Marsh to make payments for the support of his children and abated all arrearages under that order. In the companion tax inter-

cept appeal the court affirmed the decision of the hearing examiner of the Child Support Enforcement Administration. Mrs. Stambaugh appealed both orders to the Court of Special Appeals. We issued a writ of certiorari on our own motion prior to the case being heard by the intermediate appellate court.

## II.

 Adoption did not exist at common law but is governed by the statutes codified in §§ 5–301 through 5–330 of the Family Law Article. *Carroll County v. Edelmann,* 320 Md. 150, 171–74, 577 A.2d 14, 24–26 (1990); *In re Lynn M.,* 312 Md. 461, 463, 540 A.2d 799, 800 (1988). In defining the legal effects of adoption upon the individual adopted, the adopting parent and the natural parent, § 5–308(b) provides in pertinent part:

"after a decree of adoption is entered:

(1) the individual adopted:

(i) is the child of the petitioner for all intents and purposes; and

(ii) is entitled to all the rights and privileges of and is subject to all the obligations of a child born to the petitioner in wedlock;

(2) each living natural parent of the individual adopted is:

(i) relieved of all parental duties and obligations to the individual adopted; and

(ii) divested of all parental rights as to the individual adopted; and

(3) all rights of inheritance between the individual adopted and the natural relatives shall be governed by the Estates and Trusts Article."

In determining the intention of the Legislature in enacting this statute, unambiguous language employed should be given its natural connotation. *Trimble v. State,* 321 Md. 248, 265, 582 A.2d 794, 802 (1990). Applying this settled rule of construction to § 5–308(b), it is manifest that Mr.

Marsh was relieved of all parental duties and obligations only after the adoption decree was entered. Thus, under the plain meaning of this statute, the duty to support his children was terminated after adoption, but adoption did not excuse his failure to contribute to his children's support prior to the adoption becoming final. At the time that the adoption of his children was finalized in the instant case, Mr. Marsh was in arrears in his child support obligation by $17,339. We hold that the decree of adoption did not eradicate that liability. Thus, we agree with the observation of the Court of Special Appeals in *Weaver v. Garrett*, 13 Md.App. 283, 287, 282 A.2d 509, 512 (1971), when considering an earlier codification of the provisions of § 5–308(b), that "[a] decree of adoption would, of course, eliminate the duty by the father to support the minor children *in futuro* only."

Where the issue has arisen in our sister states, under similar statutory provisions, courts have reached the same conclusion. *See e.g. Bercaw v. Bercaw*, 45 Ohio St.3d 160, 543 N.E.2d 1197 (1989); *Hopkins v. Yarborough*, 168 W.Va. 480, 284 S.E.2d 907, 911 (1981); *In re Marriage of Murray*, 790 P.2d 868, 869 (Colo.App.1989); *Sample v. Poteralski*, 169 Ga.App. 448, 313 S.E.2d 145 (1984); *C. v. R.*, 169 N.J.Super. 168, 404 A.2d 366, 369 (1979); *Napier v. Kilgore*, 284 S.C. 313, 326 S.E.2d 171 (App.1985).

## III.

▇ The agreement reached by Mrs. Stambaugh and Mr. Marsh whereby Mrs. Stambaugh agreed to waive any liability of Mr. Marsh for past or future child support payments due by Mr. Marsh in consideration of his consent to the adoption of his children by Mr. Stambaugh violated the public policy of this State and is invalid. *State Farm Mut. v. Nationwide Mut.*, 307 Md. 631, 633, 516 A.2d 586 (1986).

▇ Generally, the duty to support one's minor children may not be bargained away or waived. Md.Code (1974, 1984 Repl.Vol.) §§ 3–602(a) of the Court and Judicial Pro-

ceedings Article, § 8–103 of the Family Law Article; *Brees v. Cramer*, 322 Md. 214, 222, 586 A.2d 1284, 1288 (1991); *Stancill v. Stancill*, 286 Md. 530, 533–36, 408 A.2d 1030, 1032–34 (1979); *Zouck v. Zouck*, 204 Md. 285, 300, 104 A.2d 573, 579 (1954). This settled public policy was violated when Mrs. Stambaugh attempted to exchange her children's right to support from their father for their father's consent to their adoption.

We have an equally strong policy in this State forbidding payments of compensation to a natural parent in exchange for that parent's consent to an adoption. Section 5–327 of the Family Law Article;[1] Md.Code (1957, 1987 Repl.Vol., 1990 Cum.Supp.) Article 27, § 35C.[2] *In re: Adoption No. 9979*, 323 Md. 39, 591 A.2d 468 (1991), No. 59, September Term 1990, filed June 25, 1991. Mrs. Stambaugh's waiver of her children's right to support from Mr. Marsh in consideration of his consent to the children's adoption violated Maryland public policy and was invalid.

---

**1.** Section 5–327 provides in pertinent part:

"(a) *In general.*—(1) An agency, institution, or individual who renders any service in connection with the placement of an individual for adoption may not charge or receive from or on behalf of either the natural parent of the individual to be adopted, or from or on behalf of the individual who is adopting the individual, any compensation for the placement.

(2) This subsection does not prohibit the payment, by any interested person, of reasonable and customary charges or fees for hospital or medical or legal services.

\* \* \* \* \* \*

(c) *Prosecution by State's Attorney.*—The State's Attorney shall prosecute any violation of this section.

(d) *Penalty.*—A person who violates this section is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $100 or imprisonment not exceeding 3 months, or both, for each offense."

**2.** Article 27, § 35C provides:

"(a) *In general.*—A person may not sell, barter, or trade, or offer to sell, barter, or trade a child for money or property, either real or personal, or anything else of value.

(b) *Violation constitutes misdemeanor; penalty.*—A person who violates this section is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $10,000 or imprisonment in the penitentiary not exceeding 5 years or both for each offense."

Moreover, we reject the notion that Mrs. Stambaugh's invalid promise to waive Mr. Marsh's liability for past and future child support may be enforced against her under the doctrine of equitable estoppel. In *Knill v. Knill*, 306 Md. 527, 534, 510 A.2d 546, 549 (1986) we pointed out:

> "equitable estoppel requires that the party claiming the benefit of the estoppel must have been misled to his injury and changed his position for the worse, having believed and relied on the representations of the party sought to be estopped. *Dahl v. Brunswick Corp,* 277 Md. 471, 487, 356 A.2d 221, 230–31 (1976); *Savonis v. Burke,* 241 Md. 316, 319, 216 A.2d 521, 523 (1966)."

Consequently, one cannot be estopped from asserting the unenforceability of a contract which is against public policy and therefore invalid. *Beard v. American Agency,* 314 Md. 235, 258–59, 550 A.2d 677, 688 (1988); *Prevas v. Gottlieb,* 229 Md. 188, 182 A.2d 489 (1962). In *Prevas,* an alleged oral promise to be released from a lease was unenforceable under the statute of frauds. There, we rejected the application of the doctrine of equitable estoppel to enforce the promise because estoppel cannot resurrect a void contract. We explained

> "a mere breach of a promise, assuming there was one made, which the law does not regard as binding cannot amount to fraud, nor can it render enforceable a promise which was not binding when made." 229 Md. at 195–96, 182 A.2d at 493.

Since Mrs. Stambaugh's promise to relieve Mr. Marsh of his duty to support his children was invalid, he remains liable for the $17,339 which had accrued in past due child support until the adoption of his children by Mr. Stambaugh on March 19, 1987. Furthermore, the hearing examiner of the Child Support Enforcement Administration was in error in refusing to order that the amount of the intercepted income tax refund due Mr. Marsh be applied against Mr. Marsh's child support arrearages and paid to Mrs. Stam-

baugh.[3]

JUDGMENTS REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE, MELVIN MARSH.

---

[3] In its brief, the appellee, Child Support Enforcement Administration, asserts that the appeal from the judgment in Case No. 89261047/CL102908 should be dismissed as moot. It explains that notwithstanding the fact that Mrs. Stambaugh entered a timely appeal from the order of the hearing examiner of the Child Support Enforcement Administration, the Administration inadvertently disbursed the funds it had intercepted from the tax refund due Mr. Marsh to him in late 1989. We do not agree that the case is moot. "A question is moot if, at the time it is before the court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the court can provide." (Citations omitted.) *Attorney Gen. v. A.A.Co. School Bus,* 286 Md. 324, 327, 407 A.2d 749, 752 (1979). That is not the case here. The controversy between the parties has continued until it was resolved by this Court.