661 So.2d 876 (1995)
Mary L. KRANZ, Appellant,
v.
Larry KRANZ, Appellee.
No. 93-2640.
District Court of Appeal of Florida, Third District.
October 5, 1995.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for appellant.
Richard A. Feldman, for appellee.
Before HUBBART, JORGENSON and COPE, JJ.
JORGENSON, Judge.
In this case of first impression in Florida, we are asked to determine if the adoption of a minor child serves to relieve a natural parent's obligation to pay child support arrearages that accrued before the date of adoption. We hold that the debtor parent is not excused from those payments, and that section 63.172, Florida Statutes, (1991) only relieves that parent from the obligation to make future support payments once the child has been adopted.
Larry and Mary Kranz were divorced in 1986. As part of the final judgment, the former husband was ordered to pay $90 per week through the Central Depository for the support of the couple's two minor children. *877 One of the children died in 1986; the other was adopted by the former wife's new husband in 1991. Mary Kranz filed a motion for contempt against Larry Kranz, seeking payments of child support arrearages that had accrued up to the time the child was adopted.
The general master found that section 742.07, Florida Statutes (1991), provides that the natural parent's liability for child support ceases upon the adoption of the child, and that the effect of the statute is to discharge any arrearage. The trial court approved the general master's report and denied a motion to vacate the order.
The trial court erred in applying Chapter 742 to these proceedings, as that chapter "provides the primary jurisdiction and procedures for the determination of paternity for children born out of wedlock." § 742.10, Fla. Stat. (1991). The child in this case was born to married parents who then divorced. Instead, Chapter 63, dealing with adoptions, governs.
Section 63.172 provides:
(1) A judgment of adoption, whether entered by a court of this state, another state, or of any other place, has the following effect:
(a) It relieves the birth parents of the adopted person, except a birth parent who is a petitioner or who is married to a petitioner, of all parental rights and responsibilities.

(b) It terminates all legal relationships between the adopted person and his relatives, including his birth parents, except a birth parent who is a petitioner or who is married to a petitioner, so that the adopted person thereafter is a stranger to his former relatives for all purposes, including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after entry of the adoption judgment, that do not expressly include the adopted person by name or by some designation not based on a parent and child or blood relationship.
(emphasis added).
By using the term "thereafter" in section 63.172(1)(b), the legislature intended that a judgment of adoption would apply prospectively to terminate legal relationships, obligations, and responsibilities between the person adopted and the former parent. See, e.g., Bercaw v. Bercaw, 45 Ohio St.3d 160, 543 N.E.2d 1197 (1989). In Bercaw, the Supreme Court of Ohio, in construing Ohio's adoption statute, which is substantially similar to section 63.172, Florida Statutes, held that a decree of adoption does not divest a parent of the obligation to pay support arrearages that accrue prior to the entry of the decree. The Ohio statute provided that a decree of adoption terminates all legal relationships between the adopted person and his relatives, "so that the adopted person thereafter is a stranger to his former relatives... ." Bercaw, 543 N.E.2d at 1198 (emphasis added). The court held that the Ohio legislature's choice of the term "thereafter" indicated that "adoption would have prospective application in terminating any legal relationship between the adopted person and the former parent." Id. Likewise, the term "thereafter" in section 63.172(1)(b), Florida Statutes, indicates that a judgment of adoption prospectively terminates legal relationships.
Our decision today is in accord not only with the canons of statutory interpretation, but also with the long-standing public policy reflected in our prior decisions that "[child] support obligations accruing under a court order in a domestic case become vested rights of the payee and vested obligations of the payor which are not subject to retroactive modification." Onley v. Onley, 540 So.2d 880, 880 (Fla. 3d DCA 1989) (emphasis added); see also Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938). "The law is well established that the right of a wife to payment of child support in arrears is vested, and ... the wife is entitled to enforcement of the payment by legal process." Puglia v. Puglia, 600 So.2d 484, 485 (Fla. 3d DCA 1992), (quoting Guarino v. Guarino, 431 So.2d 189 (Fla. 2d DCA), rev. dismissed, 441 So.2d 632 (Fla. 1983)). The right to previously determined child support vests at the time *878 the payments are due. Puglia, 600 So.2d at 485.[1]
An obligation to pay accrued support is not extinguished even when the child reaches majority, notwithstanding that the parent's obligation to support normally ends when a child reaches eighteen. Shufflebarger v. Shufflebarger, 460 So.2d 982 (Fla. 3d DCA 1984); see also Newman v. Newman, 459 So.2d 1129 (Fla. 3d DCA 1984), rev. denied, 466 So.2d 218 (Fla. 1985). Public policy encourages the enforcement of child support obligations and "the fact that a child attains eighteen years should not make the child support obligation unenforceable." Cronebaugh v. Van Dyke, 415 So.2d 738, 745 (Fla. 5th DCA 1982) (Sharp, J, dissenting), rev. denied, 426 So.2d 25 (Fla. 1983), dissent adopted by Massey v. Massey, 443 So.2d 294 (Fla. 3d DCA 1983). "Society's interest in ensuring that a parent meets parental obligations must not be overlooked simply because the child has reached the age of majority. The support obligation does not cease; rather it remains unfulfilled." Gibson v. Bennett, 561 So.2d 565, 572 (Fla. 1990) (holding that a judgment for child support arrearages is enforceable by contempt proceedings even after child has reached age of majority). That same public policy mandates the conclusion that although section 63.172 ends a parent's future financial responsibility to his or her child, the obligation to pay child support arrearages survives the subsequent adoption.
A number of other states with similar statutory provisions have determined that an adoption does not excuse a parent's failure to pay child support that accrued prior to the adoption. Stambaugh v. Child Support Enforcement Admin., 323 Md. 106, 591 A.2d 501 (1991) (plain meaning of statute terminated duty of support after adoption, but does not excuse failure to contribute to child's support prior to the adoption becoming final); Hopkins v. Yarbrough, 168 W. Va. 480, 284 S.E.2d 907 (1981) (child support arrearage is a vested right upon which adoption had no effect); Bercaw v. Bercaw, 45 Ohio St.3d 160, 543 N.E.2d 1197 (1989); In re Marriage of Murray, 790 P.2d 868 (Colo.Ct.App. 1989) (child support inherent right belonging to child and decree of adoption does not divest a parent of his or her obligation for child support that accrued prior to the entry of the decree); Napier v. Kilgore, 284 S.C. 313, 326 S.E.2d 171 (1985); Sample v. Poteralski, 169 Ga. App. 448, 313 S.E.2d 145 (1984). Other states have reached the same result, but in the context of somewhat different statutory provisions. Michels v. Weingartner, 254 Kan. 44, 864 P.2d 1189 (1993); In re Shea, 619 So.2d 1236 (La. Ct. App.), writ den., 626 So.2d 1165 (La. 1993); C. v. R., 169 N.J. Super. 168, 404 A.2d 366 (1979).
Our holding is consistent with the settled public policy of Florida in regards to both adoption and child support, which "protect[s] and promote[s] the well-being of persons being adopted" by ensuring that parents properly provide for their children prior to adoption. § 63.022(1), Fla. Stat. (1993). To hold otherwise would encourage non-custodial parents to shirk their court-ordered support obligations with the hope that a fortuitous adoption would later excuse those payments. That would contravene stated public policy that "children ... shall be maintained from the resources of the responsible parents, ... thereby relieving, at least in part, the burden borne by the custodial parent or the general citizenry through public assistance programs." § 88.012, Fla. Stat. (1993).
We hold, therefore, that section 63.172, Florida Statutes, does not discharge child support arrearages that accrued prior to the decree of adoption.
Reversed and remanded for further consistent proceedings.
NOTES
[1] Section 61.14(6)(a)(1), Florida Statutes (1993), provides that when, as here, child support payments are made through the Central Depository, any payments that are due and unpaid are delinquent, and following proper notice to the obligor, become a final judgment by operation of law. These payments are thus far more than "responsibilities" referred to in section 63.172; they are unpaid judgments.