DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ACACIA E. DAVIS,** Individually
Appellant,

v.

**DEBORAH HENGEN,** as Co-Personal Representative of the Estate of
**CLIFFORD DAVIS, ACACIA E. DAVIS,** as Co-Personal Representative of
the Estate of **CLIFFORD DAVIS,** and **THE ESTATE OF CLIFFORD
DAVIS,** deceased,
Appellees.

No. 4D15-966

[May 11, 2016]

CORRECTED OPINION

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; Howard H. Harrison and Roger B. Colton, Senior Judges; L.T. Case No. 2014CA010928XXXXMB.

Douglas H. Reynolds and Jeffrey M. Fauer of Tripp Scott, P.A., Fort Lauderdale, for appellant.

Julie H. Littky-Rubin and Christa L. McCann of Clark, Fountain, La Vista, Prather, Keen & Littky-Rubin, LLP, West Palm Beach, for appellees.

MAY, J.

Does a child, who has reached the age of majority, have standing to bring a claim for unpaid child support owed pursuant to a marital support agreement if the parent has filed a claim? The answer: no. We therefore affirm.

The parents entered into a marital and property settlement agreement, which was incorporated into the final judgment of dissolution. Pursuant to the agreement, the father was obligated to pay the mother monthly child support for their daughter. The father died intestate, survived by his daughter, the mother, and his current wife. At the time of his death, the father owed child support arrearages.

The daughter and current wife were appointed co-personal representatives of the father's estate. The mother filed a statement of claim against the estate for the child support arrearages. The mother later filed an amended statement of claim and an independent complaint against the co-personal representatives and estate for the arrearages.

The daughter also filed a statement of claim against the estate for the child support arrearages. The current wife, as co-personal representative, objected to the daughter's claim. The daughter also filed an independent complaint against the co-personal representatives and the estate for the child support arrearages.

The current wife moved to dismiss the daughter's complaint, arguing she lacked standing to pursue the child support arrearages because the rights vested solely in her mother. The daughter then moved to consolidate her action with the mother's action. The daughter also petitioned the probate court for appointment of an administrator ad litem because she was unable to represent the estate as a co-personal representative due to her statement of claim against it.

The trial court granted the motion to dismiss for three reasons: (1) a conflict in counsel representing the mother and daughter for the same arrearages; (2) a conflict in the daughter as co-personal representative and claimant; and (3) the mother having the vested right to the child support, citing *Kranz v. Kranz*, 661 So. 2d 876 (Fla. 3d DCA 1995). The trial court denied the daughter's motion to consolidate, and her motion for rehearing. The daughter now appeals.

The daughter argues the trial court erred in dismissing her claim for lack of standing and conflicts of interest. The current wife responds that only the mother has the vested right to collect the child support arrearages. The daughter replies that her mother's vested right does not prevent her from pursuing the same claim.

We have de novo review. *Agee v. Brown*, 73 So. 3d 882, 885 (Fla. 4th DCA 2011).

"Parents have a legal duty to support their children." *Dep't of Revenue v. Jackson*, 846 So. 2d 486, 492 (Fla. 2003); *see* § 61.09, Fla. Stat. (2015). "An obligation to pay accrued support is not extinguished even when the child reaches majority, notwithstanding that the parent's obligation to support normally ends when a child reaches eighteen." *Kranz*, 661 So. 2d at 878 (citation omitted).

2

We have held that a child has standing to enforce rights that ripen after the child reaches the age of majority. *Brown v. Brown*, 484 So. 2d 1282 (Fla. 4th DCA 1986). But we have never held, nor has any other court held, that the rights that accrue during the age of minority can be enforced by anyone other than the child's legal representative.[1]

We affirm. We do not reach the conflict of interest issues raised as they are unnecessary to our holding.

*Affirmed.*

CIKLIN, C.J., and TAYLOR J., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] We are aware the Third District Court of Appeal has stated in dicta that a child can pursue child support arrearages as a third party beneficiary. *See Newman v. Newman*, 459 So. 2d 1129, 1130 (Fla. 3d DCA 1984). Nevertheless, the court actually held the custodial parent of an emancipated child retained the right to enforce child support arrearages that accrued before the child's emancipation. *Id.* Our opinion should not be read to prevent an emancipated child from pursuing child support arrearages if the parent is unable or unwilling to pursue them.

3