Guy J. Mangano, J.
The petition herein is brought pursuant to article 4 of the Family Court Act by petitioning wife for an order of support on behalf of herself and her two children.
At a hearing held on October 10, 1966, it was established that petitioner and respondent had been the principals in a formal marriage ceremony on November 15, 1950. The testimony and proof further showed that petitioner was previously married to one James Norris on August 7,1936. That they lived together as husband and wife for a period of approximately 16 months when the parties then separated. Petitioner has not seen her first husband since that time. However, the marriage has never been set aside. Respondent also introduced into evidence a marriage application showing that at the time that petitioner contracted her first marriage, she was only 17 years of age and that she misstated her age on the application as being 21. On the application for the second marriage, petitioner neglected to disclose her prior marriage. There was also additional testimony establishing the fact that there was one issue of the first marriage and two issue of the second marriage.
The respondent disclaims liability for support stating that petitioner’s marriage to him is without force and effect; it is void.
Petitioner on the other hand takes the position that a presumption of validity attaches to the second marriage and the burden of showing its invalidity falls upon the person attacking the legality of the marriage, namely, the respondent in this proceeding.
The question before the court is whether petitioner and children are entitled to support from the respondent. This point revolves upon the question of whether the second marriage is void or voidable. If the latter is true, a presumption of validity would attach and the burden would be upon the respondent to rebut said presumption.
It is not incumbent upon the one asserting the validity of a marriage to prove that an earlier marriage was terminated by death, annulment or divorce. The law is well settled that in the case of conflicting marriages of the same spouse this pre *841 sumption of validity operates in favor of the second marriage and the burden of showing the first marriage is on the party asserting it. Even where this is well established it may be presumed in favor of the second marriage that at the time thereof, the first marriage had been dissolved either by a decree of divorce or the death of the former spouse so as to cast the burden of adducing the contrary on the party attacking the second marriage. (Kopit v. Zilberszmidt, 35 N. Y. S. 2d 558.)
The evidence adduced herein sufficiently established that respondent did not rebut the presumption; he offered no proof to show that the second marriage was void. The petitioner testified, however, that her first marriage was not dissolved and the record supports that allegation. The fact that petitioner was underage at the time she contracted her first marriage and that she misrepresented her age at that time renders the marriage only voidable. Nevertheless, if the petitioner was the wife of another at the time the marriage contract was entered into with respondent, the marriage between her and respondent is a nullity.
The basis upon which an order may be entered by this court for the support of the petitioner is that the marriage between her and respondent is valid. It follows, therefore, that this court, though it may not annul a marriage or divorce husband and wife or enter a decree of separation, it may as an incident to the power vested in it to order the support of dependents, inquire into the legal status of the relationship which is involved in support of such a petition. (See Bracy v. Bracy, 167 Misc. 253; England v. England, 205 Misc. 645.)
The legal relationships, the basis upon which this court derives its power to order the support for a dependent wife or child, must be established by competent proof. In the absence of such proof, it would manifestly be unjust and unlawful to hold a person chargeable with support of alleged dependents when not required by the law.
The evidence before me clearly shows that the petitioner did not initiate any proceedings to terminate her first marriage. No proof was offered by petitioner to indicate that her first marriage ended in divorce or that it was annulled. The only proof offered on this aspect of the case was the petitioner’s own admission that she and her first husband had separated in 1937 and that she has not seen him since that time. However, even under this set of facts the petitioner has no standing to invoke the provisions of section 221 of the Domestic Relations Law (so-called Enoch Arden Law).
*842 Formerly, under the common law, a marriage by one having a spouse living and undivorced was void ‘ ‘ ab initio ’ ’ even though the spouse had been absent and was believed to be dead. The common-law rule was modified by statutory enactment under former section 6 of the Domestic Relations Law, which provided: A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless such former husband or wife has absented himself or herself for five successive years then last past without being known to such person to be living during that time.”
Under former section 7, a marriage, entered into by a person whose former spouse was missing for more than five years without being known to be alive, was voidable until its nullity was declared by a court of competent jurisdiction. Thus, unless and until its validity was attacked successfully in a proceeding brought for that purpose it remained a valid marriage. These sections read together were construed to contain a dispensation in favor of the second marriage, which was conditioned, not upon the mere lack of knowledge by the previously married person of the existence of the former spouse, but only upon a sincere belief in his death, reached after faithful inquiry. (Matter of Biersack, 96 Misc. 161.)
However, this theory was abandoned with the enactment of section 7-a, now found in sections 220 and 221 of the Domestic Relations Law. The rule now is that an attempted second marriage by one having a spouse living and undivorced even though that spouse has been absent and is believed to be dead, is absolutely void unless the prior marriage is dissolved by affirmative action in a proceeding in accordance with the requirements of sections 220 and 221 of the Domestic Relations Law.
This court makes reference to the above in order that it may determine whether the court has jurisdiction in accordance with sections 411 and 412 of the Family Court Act.
Clearly then, the petitioner herein not having complied with statutory mandate found in sections 220 and 221 of the Domestic Relations Law, her attempted second marriage is void, and there is no liability on the part of the respondent in law to support either the petitioner or the child of that first marriage.
However, the court is mindful of the fact that there are children living, issue of the second marriage, whose fate must also be determined, and whose rights must also be established. Section 417 of the Family Court Act provides as follows: “ A child born of parents who at any time prior or subsequent to the birth of said child shall have entered into a ceremonial marriage *843 shall be deemed the legitimate child of both parents for all purposes of this article regardless of the validity of such marriage.”
This section follows the provisions of its predecessor statute, subdivision 6 of section 101 of the Domestic Relations Court Act. Under the latter section it was held that a petition would lie by a mother of a child for its support regardless of whether the ceremonial marriage between the parties was valid. (Andrews v. Andrews, 185 Misc. 970.) Thus, there is liability on the respondent, both in law and in morals to support these children, the issue of their marriage.
In the instant case, petitioner and respondent both admit a ceremonial marriage was entered into on November 15, 1950. Both admitted the two issue, Keith and Kurt were born after the ceremony took place, namely, April 4, 1953 and November 16, 1954, respectively.
This being so, the children in this petition are entitled to support in accordance with the provisions of sections 417 and 413 of the Family Court Act.
Accordingly, respondent’s motion to dismiss petition, insofar as it seeks support for petitioner, is granted, and denied as to the issue of the parties. Respondent is ordered to pay the sum of $135 per month for the support of the two children only. First payment due on November 1, 1966 and on the first of each month thereafter. All payments are to be made through the Support Bureau. Notify parties and attorneys.