731 P.2d 131

**Lisa A. EDGAR, Plaintiff/Appellee,**

v.

**Vance Edward JOHNSON, Defendant/Appellant.**

**No. 2 CA–CV 5832.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 31, 1986.

Gordon T. Alley, Tucson, for plaintiff/appellee.

Jim D. Himelic, Tucson, for defendant/appellant.

## OPINION

HATHAWAY, Chief Judge.

This appeal is taken from the amount of child support awarded in a paternity action.

Appellee filed suit alleging that appellant was the father of her child and requesting, inter alia, support and maintenance in the amount of $2,500 per month. Appellant admitted paternity, and the sole issue before the court was the amount of child support to be paid by appellant. At the conclusion of a hearing, the court awarded child support in the amount of $1,500.

The sole contention on appeal is that the amount of support awarded by the court was far beyond the needs of the child as established by the evidence. We agree and reverse and remand with directions.

At the hearing, appellee testified that she had monthly expenses of some $2,100 and an income of $600. Admitted into evidence were her calculations that the monthly expenses for the child were $921.75. There was extensive testimony concerning appellant's income which we find to be generally irrelevant. Once it is established that the non-custodial parent has sufficient income to provide for the needs of a child, the amount to be awarded is determined by the needs of the child, not the non-custodial parent's income. A.R.S. § 12–849. Here, it was clearly shown that appellant's income was sufficient to provide the required child support. Evidence that he had purchased a new Porsche and had an extensive wardrobe, a stereo and other possessions was irrelevant.

We believe that the trial court improperly included in the amount of child support awarded a sum intended to pay appellee's expenses. In its order, the court stated: "The financial resources and needs of the child *and those of the Plaintiff* are well in excess of $2,000 and the Plaintiff earns netly [sic] income of not more than $600.00 per month." (Emphasis added.) Apparently the trial court included the appellee's needs in arriving at its decision because of A.R.S. § 12–849(C), which states that the trial court should consider, inter alia, "[t]he financial resources and needs of the custodial parent." However, this factor is to be considered only in deciding whether the custodial parent can contribute towards the child's support. It is not a basis for awarding support to the custodial parent for her needs. Where no valid marriage exists, and in the absence of an agreement between the parties, there is no obligation to provide any spousal support. *Burger v. Burger*, 156 So.2d 905 (Fla.App.1963); *Davis v. Misiano*, 373

Mass. 261, 366 N.E.2d 752 (1977); *Brown v. Brown*, 51 Misc.2d 839, 274 N.Y.S.2d 484 (1966).

The primary concern of the court should be to determine the amount necessary to support the child. If satisfying the needs of the child results in some ancillary benefit to the custodial parent, so be it. For example, if the child, for medical reasons, required a hydrotherapy whirlpool bath, the fact that the custodial parent might use it also would be no reason for not requiring the the non-custodial parent to provide it. However, there is no liability on the part of the non-custodial parent to provide some amenity simply because the custodial parent wants it. The purpose of child support is not to raise the standard of living of the custodial parent. *Evans v. State*, 178 Ga. App. 1, 341 S.E.2d 865 (1986) (Beasley J., specially concurring); *Kathy G.J. v. Arnold D.*, 116 A.D.2d 247, 501 N.Y.S.2d 58 (1986).

■ Here, the appellee's own evidence showed expenses for the child of $921.75 per month. Included in that figure is the amount of $45.75 for health insurance.

Appellant has agreed to provide medical insurance coverage for the child on his policy where he is employed; therefore, that amount can be subtracted from the $921.75. This results in expenses attributable to the child of $876.00 per month. We believe it was error for the court to have awarded child support greater than that amount.

The judgment of the trial court awarding child support of $1,500 per month is reversed. The court is directed to enter judgment ordering payment of child support of $876 per month and directing appellant to provide health insurance for the child from his employment. In all other respects, the judgment is affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.