171 P.3d 1248

STATE of Arizona ex rel. Martin BRANNAN, La Paz County Attorney, Petitioner/Appellant,

v.

The Honorable E.M. "Beth" WILLIAMS, Justice of the Peace for the Fourth Precinct Justice Court, La Paz County, Arizona, Respondent/Appellee.

State of Arizona ex rel. Martin Brannan, La Paz County Attorney, Petitioner/Appellant,

v.

The Honorable John Drum, Justice of the Peace for the Sixth Precinct Justice Court, La Paz County, Arizona, Respondent/Appellee.

No. 1 CA–CV 06–0719.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 29, 2007.

208

Martin Brannan, La Paz County Attorney, Parker, Attorney for Petitioner/Appellant.

E.M. "Beth" Williams, Justice of the Peace, Quartzsite, In propria persona.

## OPINION

TIMMER, Judge.

¶ 1 We are asked to decide whether the superior court erred by denying the State's special action request to compel two La Paz County Justices of the Peace to adjudicate complaints issued by law enforcement officers for attempted possession of marijuana and attempted possession of drug paraphernalia, both class one misdemeanor crimes. The decisive issue is whether justice courts have jurisdiction to consider such charges. For the reasons that follow, we hold that justice courts possess such jurisdiction, and the superior court therefore erred by denying special action relief.

## BACKGROUND

¶ 2 On separate occasions in Spring 2006, an Arizona Department of Public Safety ("DPS") officer issued traffic tickets and complaints to two individuals, citing them for attempted possession of marijuana in violation of Arizona Revised Statutes ("A.R.S.") sections 13–1001(A), –3405(A)(1) (Supp.2006), and attempted possession of drug paraphernalia in violation of A.R.S. §§ 13–1001(A), –3415(A) (2001), both class one misdemeanors.[1] A.R.S. §§ 13–1001(C)(6), –3405(B)(1), –3415(A). The complaints directed the cited individuals to appear, respectively, before the justice courts in Quartzsite and Parker.

---

1. Attempted possession of marijuana is only a class one misdemeanor if the weight of the marijuana is less than two pounds, and the defendant did not possess it for sale. A.R.S. § 13– 1001(C)(6), –3405(B)(1). The record does not reveal any dispute that the charges in the underlying cases for attempted possession of marijuana were for class one misdemeanors.

Subsequently, respondents John C. Drum, justice of the peace in Parker, and E.M. "Beth" Williams, justice of the peace in Quartzsite, summarily dismissed these charges. Judge Williams, through her court clerk, explained that the court "does not accept misdemeanor drug charges filed on a citation," and further stated that the matter could only proceed if the La Paz County Attorney filed a complaint. The court under Judge Drum's direction did not explain its decision but simply marked the charges on the ticket as "void".

¶ 3 In May 2006, the State filed petitions for special action in the superior court asking it to compel respondents to conduct criminal proceedings on misdemeanor drug offenses charged by law enforcement officers *in future* traffic tickets and complaints. After consolidating the cases, the court denied special action relief. The court acknowledged that justice courts have jurisdiction to adjudicate misdemeanor crimes. Nevertheless, the court concluded that A.R.S. § 13–110 (2001) deprives the courts of jurisdiction to try charges of attempted crimes when the underlying completed crimes are felonies. Section 13–110 provides as follows:

> A person may be convicted of an attempt to commit a crime, although it appears upon the trial that the crime intended or attempted was perpetrated by the person in pursuance of such an attempt, *unless the court, in its discretion, discharges the jury and directs the person to be tried for the crime.*

(Emphasis added.) Possession of marijuana and possession of drug paraphernalia are class six felonies, A.R.S. §§ 13–3405(B)(1),

13–3415(A), which justice courts lack jurisdiction to adjudicate beyond preliminary proceedings. A.R.S. § 22–301(A)(1), (2) (limiting justice courts' criminal jurisdiction over felony charges to commencing action and conducting preliminary proceedings). Consequently, according to the superior court, justice courts lack jurisdiction to exercise the discretion afforded by § 13–110 to direct trials on charges of possession of marijuana and possession of drug paraphernalia. For this reason, the court ruled that considering "the statutory scheme of A.R.S. §§ 13–110, and 22–301(A)(1), (2)," justice courts lack jurisdiction to adjudicate misdemeanor charges of attempted possession of marijuana and attempted possession of drug paraphernalia. This timely appeal followed.

## DISCUSSION

¶ 4 The State argues the superior court erred in ruling that A.R.S. § 13–110 deprives a justice court of jurisdiction over a misdemeanor attempt charge merely because the court may not possess jurisdiction to later direct a trial on the completed crime. The State points out that other provisions govern the justice courts' jurisdiction. Additionally, § 13–110 may never apply to affect jurisdiction if evidence fails to demonstrate the commission of a completed crime and, regardless, a court may not exercise any discretion under this provision until after commencement of a jury trial. Judge Williams responds that the superior court properly denied relief to the State as justice courts lack authority to determine that an attempted misdemeanor crime should be tried as a completed felony crime, thereby depriving such courts of jurisdiction.[2] Be-

---

2. Judge Drum appeared in the proceedings before the superior court, but he has not appeared in this appeal.

Although the State does not challenge either judge's standing to defend the special action petition or appear in this appeal, we would be remiss by failing to address the unusual circumstance of judicial officers appearing as advocates. In most special actions, a judicial officer is named as a respondent but has only a nominal interest in the proceedings and lacks standing to appear and advocate the correctness of a contested ruling to a higher court. *Riley, Hoggatt & Suagee, P.C. v. English,* 177 Ariz. 10, 13–14, 864 P.2d 1042, 1045–46 (1993); *Hurles v. Superior Court,* 174

Ariz. 331, 334, 849 P.2d 1, 4 (App.1993). That task falls to the real-party-in-interest, who has a justiciable stake in the outcome of the special action. Our courts have held, however, that judicial officers may appear as advocates in special actions for the purpose of explaining or defending an administrative practice, policy, or local rule. *English,* 177 Ariz. at 14, 864 P.2d at 1046; *Hurles,* 174 Ariz. at 333, 849 P.2d at 3. In the present case, the State's special action petition did not challenge the correctness of any particular rulings and did not seek relief in any particular cases. Thus no real-parties-in-interest exist or were named in the petition. Rather, the State challenged the justice courts' policies of refusing to adjudicate certain misdemeanor

cause resolution of this matter turns on the proper interpretation and interplay of statutes relating to the justice courts' jurisdiction, we review the superior court's ruling de novo as a question of law. *State v. Mangum,* 214 Ariz. 165, 167, ¶ 6, 150 P.3d 252, 254 (App.2007).

¶ 5 When construing statutes, our primary goal is to ascertain the legislature's intent. *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). We first look to the text of the relevant statutes. *State v. Christian,* 205 Ariz. 64, 66, ¶ 6, 66 P.3d 1241, 1243 (2003). If the statutory language is clear, we ascribe plain meaning to its terms. *Rineer v. Leonardo,* 194 Ariz. 45, 46, ¶ 7, 977 P.2d 767, 768 (1999). As necessary, we employ secondary principles of statutory construction to glean legislative intent. *State ex rel. Dep't of Econ. Sec. v. Demetz,* 212 Ariz. 287, 289, ¶ 7, 130 P.3d 986, 988 (App.2006). In interpreting a statute, we view it in the context of other related statutes and the overall statutory scheme. *Goulder v. Ariz. Dep't. of Transp.,* 177 Ariz. 414, 416, 868 P.2d 997, 999 (App.1993). With these principles in mind, we examine the constitutional and statutory grants of jurisdiction to the justice courts.

■ ¶ 6 Justice courts derive their jurisdiction solely from the constitution and statutes of this state. Ariz. Const. art. 6, § 32(B); *State ex rel. Milstead v. Melvin,* 140 Ariz. 402, 404–05, 682 P.2d 407, 409–10 (1984). Article 6, Section 32(C) of the Arizona Constitution restricts the justice courts' criminal jurisdiction to misdemeanor crimes. Section 22–301(A), A.R.S., specifies that justice courts shall have jurisdiction over the following misdemeanor crimes: "1. Misdemeanors and criminal offenses punishable by a fine not exceeding two thousand five hundred dollars, or imprisonment in the county

jail for not to exceed six months, or by both a fine and imprisonment." [3] Attempted possession of marijuana and attempted possession of drug paraphernalia are both class one misdemeanors punishable by fines of not more than two thousand five hundred dollars or imprisonment in the county jail for a period not to exceed six months. A.R.S. §§ 13–707(A)(1), –802(A), –1001(C)(6), –3405(B)(1), –3415(A). Thus, under the plain language of A.R.S. § 22–301(A)(1), justice courts possess jurisdiction to adjudicate charges of attempted possession of marijuana and attempted possession of drug paraphernalia. Nevertheless, we consider whether the legislature intended to strip justice courts of such jurisdiction by enacting A.R.S. § 13–110.

¶ 7 Applying principles of statutory construction, we decide the legislature did not intend A.R.S. § 13–110 to affect the justice courts' jurisdiction properly exercised pursuant to § 22–301(A)(1). First and foremost, the plain language of § 13–110 does not address the justice courts' jurisdiction. *State v. Aguilar,* 209 Ariz. 40, 48, ¶ 26, 97 P.3d 865, 873 (2004) (acknowledging language of statute is best and most reliable index of statute's meaning).

¶ 8 Second, the legislature's placement of § 13–110 in the general provisions of the Criminal Code rather than among provisions governing justice courts supports a conclusion that the legislature did not intend § 13–110 to deprive justice courts of jurisdiction properly exercised under § 22–301(A)(1). *McMann v. City of Tucson,* 202 Ariz. 468, 473, ¶ 14, 47 P.3d 672, 677 (App.2002) (gleaning legislative intent from placement of provision in Criminal Code rather than statutes governing cities and towns); *Norgord v. State ex rel. Berning,* 201 Ariz. 228, 231, ¶ 8,

---

crimes initiated by traffic ticket and complaint. Judges Williams and Drum appeared in the special action proceedings to defend these policies. Under these limited circumstances, their appearances were proper. *See English,* 177 Ariz. at 14, 864 P.2d at 1046 (holding judge named as respondent in special action initiated by sheriff properly appeared to defend and clarify court's right to assign prisoners to a work-release program, particularly as issue moot to real-party-in-interest and judge was defending court's future power under statute); *Dunn v. Superior Court,*

160 Ariz. 311, 314, 772 P.2d 1164, 1167 (App. 1989) (permitting judge to respond to special action challenging his refusal to grant motion for change of judge as judge had legitimate administrative interest in appearing and defending court's administrative practice).

3. As previously noted, *see supra* ¶ 3, justice courts also possess jurisdiction to conduct preliminary proceedings in felony cases. A.R.S. § 22–301(A)(2).

33 P.3d 1166, 1169 (App.2001) (concluding placement of indecent exposure statute in "Sexual Offenses" chapter of Criminal Code suggests legislature intended to classify indecent exposure as sexual offense).

¶ 9 Third, consideration of § 13–110 to determine the justice courts' jurisdiction would lead to speculation and uncertainty, surely a result not intended by the legislature absent express language. *See Forino v. Arizona Dept. of Transp.*, 191 Ariz. 77, 80, 952 P.2d 315, 318 (App.1997) ("To discern the legislature's intent, we may consider the effect and consequences of alternative construction."). A justice court must look to the charge to determine its jurisdiction. *State ex rel. Baumert v. Municipal Court of City of Phoenix*, 120 Ariz. 341, 344, 585 P.2d 1253, 1256 (App.1978) ("Upon review we must look to the charge to determine jurisdiction rather than look to what might have been charged under the particular facts of any case."). If the court must consider the applicability of § 13–110 to determine jurisdiction, however, it would be forced to speculate about the eventual application of that provision. As the State contends, a court may only exercise the discretion granted by § 13–110 after commencement of a jury trial and if evidence shows commission of a completed crime. A.R.S. § 13–110. Consequently, depending on the state of the evidence and whether a case is tried to a jury, § 13–110 may not apply in misdemeanor attempt cases even when the completed crime is a felony. Regardless, a justice court is unlikely to accurately predict the applicability of § 13–110 at the time it initially reviews a charge.

¶ 10 Finally, deciding that § 13–110 does not strip the justice courts of jurisdiction granted by § 22–301(A)(1) would not result in an inconsistent jurisdictional scheme, as the superior court apparently concluded. *See Goulder*, 177 Ariz. at 416, 868 P.2d at 999 (stating goal of interpretation is to achieve consistency between statutes). Even assuming both that a defendant charged with attempted possession of marijuana and attempted possession of drug paraphernalia is entitled to a jury trial [4] and that a justice court lacks jurisdiction to exercise the discretion afforded by § 13–110 to discharge the jury and direct trial on the completed crimes,[5] no reason exists why the State cannot choose by its charging decision to foreclose pursuit of felony convictions. *State v. Prentiss*, 163 Ariz. 81, 85, 786 P.2d 932, 936 (1989) ("[T]he executive branch has the power to decide what criminal charges to file."); *State v. Hankins*, 141 Ariz. 217, 221, 686 P.2d 740, 744 (1984) ("It is clearly within the sound discretion of the prosecutor to determine whether to file charges and which charges to file.").

¶ 11 For all these reasons, we hold that A.R.S. § 13–110 does not strip the justice courts of jurisdiction properly conferred by § 22–301(A) to adjudicate misdemeanor charges of attempted possession of marijuana and attempted possession of drug paraphernalia.

¶ 12 Judge Williams next argues that justice courts lack jurisdiction over attempted drug-related crimes initiated by traffic ticket and complaint because the legislature intended that a county attorney charge all such crimes as felonies via complaint, although such charges can later be reduced to misdemeanors. Judge Williams fails to cite any authority for this position, however, and the statutory scheme does not support the prem-

4. Section 22–320, A.R.S. (2002), provides that in criminal proceedings in justice courts, "A trial by jury shall be had if demanded by either the state or defendant." A jury trial is not required in every case, however. *Goldman v. Kautz*, 111 Ariz. 431, 432, 531 P.2d 1138, 1139 (1975) ("We do not think [A.R.S. § 22–320] grants a substantive right, but, rather, was intended to be procedural and must be read as meaning that a trial by jury shall be had if demanded In [sic] cases where a jury trial is appropriate."). Justice courts must apply a two-step test to decide whether particular misdemeanor crimes are jury eligible. *Derendal v. Griffith*, 209 Ariz. 416, 425, ¶¶ 36–37,

104 P.3d 147, 156 (2005). Resolution of the pending appeal does not require us to determine whether attempted possession of marijuana and attempted possession of drug paraphernalia are jury-eligible crimes.

5. The superior court and Judge Williams maintain that justice courts lack authority to exercise the discretion afforded by A.R.S. § 13–110. The State challenges the constitutionality of § 13–110. We need not address these issues in order to resolve this appeal.

ise that all drug-related cases be charged as felonies.

¶ 13 Attempted drug-related crimes are separate and distinct from completed drug-related crimes. *State v. Wise*, 164 Ariz. 574, 578, 795 P.2d 217, 221 (App.1990) (recognizing attempt to possess narcotic drugs is a violation of A.R.S. § 13–1001, not A.R.S. 13–3408, which defines substantive offense of possession of narcotic drugs). As previously mentioned, *see supra* ¶ 6, attempted possession of marijuana and attempted possession of drug paraphernalia are class one misdemeanors. No statute reflects the legislature's intent that charges for such crimes be initiated only as felonies, as Judge Williams suggests. Conversely, the legislature has provided that a law enforcement officer can "[i]n any case in which a person is arrested for an offense that is a misdemeanor or a petty offense," cite the person with a traffic ticket and complaint, which contains the name of the person, the offense charged, and the time and place where and when the person must appear in court. A.R.S. § 13–3903(C)–(D); *see also* Ariz. R.Crim. P. 2.1(b), 2.3. No exception is made for misdemeanor drug-related crimes. For this reason, we reject Judge Williams' position and hold that misdemeanor charges for attempted possession of marijuana and attempted possession of drug paraphernalia can be initiated by traffic ticket and complaint.

## CONCLUSION

¶ 14 For the foregoing reasons, we hold that justice courts possess jurisdiction to adjudicate misdemeanor charges of attempted possession of marijuana and attempted possession of drug paraphernalia that are initiated by traffic ticket and complaint. We therefore reverse the superior court's judgment. We grant relief to the State by ordering appellees to accept such complaints in future proceedings.

CONCURRING: DANIEL A. BARKER, Presiding Judge and PATRICIA A. OROZCO, Judge.

