213 P.3d 248

**In re the Matter of Jamie Lee EAST, Petitioner/Appellant,**

v.

**Gary MATTHEWS, Jr., Respondent/Appellee.**

**No. 1 CA–CV 08–0356.**

Court of Appeals of Arizona, Division 1, Department A.

June 25, 2009.

R.J. Peters & Assoc., P.C. By Rich J. Peters, Phoenix, Attorney for Petitioner/Appellant.

Law Office of Scott E. Boehm, P.C. By Scott E. Boehm, Therese R. McElwee, P.C. By Therese R. McElwee, Phoenix, Attorneys for Respondent/Appellee.

## OPINION

HALL, Judge.

¶ 1 The question raised in this appeal is whether a family court abuses its discretion in making a determination of child support in a paternity action when it chooses not to consider the standard of living a child would have had if she had lived with both of her parents. For reasons that follow, we conclude that it does.

## BACKGROUND

¶ 2 Jamie Lee East brought this paternity action against Gary Matthews, Jr. following the birth of their daughter in 2004. Matthews is a professional baseball player. It was established in the family court that his income is approximately $10,000,000 per year. The court ultimately ordered Matthews to pay East $1561 per month in child support, which is the presumptive amount under the Arizona Child Support Guidelines for parents with a combined adjusted gross income of $20,000 or more per month. *See* Ariz.Rev.Stat. (A.R.S.) § 25–320 app. § 8, Schedule (2007). The court also ordered Matthews to pay the child's medical, day care, and private school expenses.

¶ 3 East appealed the award on the ground that the family court made various evidentiary rulings based on a misinterpretation of the Guidelines. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## STANDARD OF REVIEW

¶ 4 We review an award of child support for an abuse of discretion, but we interpret the Guidelines de novo. *Hetherington v. Hetherington,* 220 Ariz. 16, 21, ¶ 21, 202 P.3d 481, 486 (App.2008). When a court's child support award is based on a significant mistake of law, we remand for a redetermination of the award. *See Fuentes v. Fuentes,* 209 Ariz. 51, 56, ¶ 23, 58, ¶ 35, 97 P.3d 876, 881, 883 (App.2004) (citing *Grant v. Ariz. Pub. Serv. Co.,* 133 Ariz. 434, 455–56, 652 P.2d 507, 528–29 (1982) (explaining that a trial court abuses its discretion when it commits an error of law in the process of exercising its discretion)).

¶ 5 We apply the same rules of construction when interpreting the Guidelines as we apply when interpreting statutes. *Mead v. Holzmann,* 198 Ariz. 219, 221, ¶ 8, 8 P.3d 407, 409 (App.2000). Thus, when the meaning of the Guidelines is clear, we apply the plain meaning. *See State ex rel. Brannan v. Williams,* 217 Ariz. 207, 210, ¶ 5, 171 P.3d 1248, 1251 (App.2007).

## DISCUSSION

¶ 6 East argues that the family court abused its discretion by precluding her from introducing evidence relevant to whether the court should award more than the presumptive amount of child support for parents with a combined adjusted gross income of more than $20,000 per month. Section 8 of the Guidelines provides as follows:

If the combined adjusted gross income of the parties is greater than $20,000 per

month, the amount set forth for combined adjusted gross income of $20,000 shall be the presumptive Basic Child Support Obligation. The party seeking a sum greater than this presumptive amount shall bear the burden of proof to establish that a higher amount is in the best interests of the children, taking into account such factors as the standard of living the children would have enjoyed if the parents and children were living together, the needs of the children in excess of the presumptive amount, consideration of any significant disparity in the respective percentages of gross income for each party and any other factors which, on a case by case basis, demonstrate that the increased amount is appropriate.

¶ 7 Following the repeated urgings of Matthews, the court, however, relied on *Edgar v. Johnson,* 152 Ariz. 236, 731 P.2d 131 (App. 1986), in which this court held that "[o]nce it is established that the non-custodial parent has sufficient income to provide for the needs of a child, the amount to be awarded is determined by the needs of the child, not the non-custodial parent's income." *Id.* at 237, 731 P.2d at 132. Edgar was decided before child support guidelines were adopted, and, as pointed out in *Ortiz v. Rappeport,* 169 Ariz. 449, 451, 820 P.2d 313, 315 (App.1991), is no longer good law:

> The father relies heavily on our case of *Edgar v. Johnson,* 152 Ariz. 236, 731 P.2d 131 (1986), where we stated that once it is established that the non-custodial parent has sufficient income to provide for the needs of the child, the amount to be awarded is to be determined by the needs of the child and not the non-custodial parent's income. From this statement, he argues that the child's present needs are the only consideration. We do not agree. The 1987 child support guidelines supersede any statements made in *Edgar.*

Although *Ortiz* apparently did not involve parents making more than the maximum combined adjusted gross income addressed in the Guidelines, *id.* at 450–51, 820 P.2d at

314–15, the reasoning in *Ortiz* applies here. Regardless of the principles used to set an amount of child support prior to the adoption of the Guidelines, now that we have the Guidelines, courts are constrained to follow them. *See* A.R.S. § 25–320(D) (providing that the Guidelines are to be followed unless "application of the guidelines would be inappropriate or unjust in a particular case").[1]

¶ 8 Under the Guidelines, the parents' basic child support obligation depends on the combined adjusted gross income of the parents. In effect, the parents' incomes, in part, determine the child's "reasonable needs." A court cannot, therefore, first determine a child's "reasonable needs" and then conclude that the parties' income in excess of what is required to meet those needs is irrelevant. Here, of course, because the parents' combined income exceeds $20,000 per month, there is a rebuttable presumption that a single child's "reasonable needs" do not exceed $1561 per month. But the evidence that must be presented and the argument that must successfully be made to rebut that presumption are prescribed in § 8 of the Guidelines, not in *Edgar.*

¶ 9 In addition to relying on *Edgar,* the court accepted Matthews' contention that the lifestyle the child would have had if she had lived with both of her parents is not relevant because the child never lived with both of her parents. Under the Guidelines, however, one of the factors that a court is required to consider in determining whether to award more than the presumptive amount for parents with a combined adjusted gross income of more than $20,000 per month is "the standard of living the child[ ] would have enjoyed if the parents and child[ ] were living together." § 8; *see also* Guidelines, Background ("The total child support amount approximates the amount that would have been spent on the child[ ] if the parents and child[ ] were living together.")

¶ 10 The court commented that consideration of the standard of living the child would

---

1. Contrary to Matthews' suggestion, a court that follows the terms of § 8 of the Guidelines in awarding more than the presumptive amount for parents with a combined adjusted gross income of more than $20,000 per month does not deviate from the Guidelines in doing so and is therefore not required to make findings pursuant to § 20 of the Guidelines.

have had if she lived with both parents would be relevant in a dissolution action but is not relevant in a paternity action. The Guidelines apply, however, in both dissolution and paternity cases. *See* A.R.S. § 25–809(D) (2007) (requiring application of the Guidelines in maternity and paternity proceedings); A.R.S. § 25–320(D) (requiring application of the Guidelines in marital dissolution proceedings). Moreover, the Guidelines explicitly state that they "apply to all natural children, whether born in or out of wedlock." § 2(A). Following this principle, the basic child support obligation given in the schedule depends on only two factors: the combined adjusted gross income of the parents, and the number of children. The schedule, therefore, prescribes the same amount of child support for parents with a combined adjusted gross income of $20,000 or less per month regardless of whether the order is made pursuant to a marital dissolution or a paternity action.

¶ 11 Neither the language nor the purpose of the Guidelines provides any support for the view that the relationship of the parents, although irrelevant to the duty to support one's children for those with a combined income of $20,000 or less per month, is relevant to the duty to support one's children for those with a combined income of more than $20,000 per month. Instead, the Guidelines provide that when the parents have a combined adjusted gross income of more than $20,000 per month, the court is to award more than the presumptive $1561 per month if "a higher amount is in the best interests of the child[ ], taking into account such factors as the standard of living the child[ ] would have enjoyed if the parents and child[ ] were living together, the needs of the child[ ] in excess of the presumptive amount, consideration of any significant disparity in the respective percentages of gross income for each party and any other factors which, on a case by case basis, demonstrate that the increased amount is appropriate." § 8.

2. East also asserts that the family court erred when it concluded that Matthews' "exact financial picture" was not discoverable given that Matthews acknowledged in court that he makes $10,000,000 per year under his baseball contract. Because the court's ruling that it is not material

¶ 12 In summary, the family court erred as a matter of law in determining that the factor in § 8 of the Guidelines regarding the standard of living that the child would have had if the parents lived together is inapplicable to a child born out of wedlock whose parents never lived together. The court further erred to the extent that it relied on *Edgar* to conclude that Matthews' income was not relevant to deciding whether an award of more than the presumptive amount is appropriate under the Guidelines.[2]

## CONCLUSION

¶ 13 Based on the foregoing, we remand this matter for a redetermination of an appropriate amount of child support under the Guidelines.

CONCURRING: JON W. THOMPSON and DANIEL A. BARKER, Judges.

"to consider exactly how much [Matthews] makes once he is found to make at least [[forty] times the largest income that the child support guidelines are based on" does not depend on any misunderstanding of the Guidelines, we reject East's contention on this point.