NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SALLY P. VALENCIA,
*Plaintiff/Appellant*,

*v.*

BP CAPITAL VENTURES, LLC; CASEY and KATELYN BLOCK;
BRETT KALINA; BLOCK ESTATES, LLC;
RLI INSURANCE COMPANY,
*Defendants/Appellees*.

No. 1 CA-CV 14-0330
FILED 6-9-2015

Appeal from the Superior Court in Maricopa County
No. CV2012-055263
The Honorable Alfred M. Fenzel, Judge

**DISMISSED IN PART; AFFIRMED IN PART AND REVERSED IN PART**

COUNSEL

Ivan & Kilmark, PLC, Glendale
By Florin V. Ivan
*Counsel for Plaintiff/Appellant*

Miranda Law Firm, Gilbert
By Daniel L. Miranda
*Counsel for Defendant/Appellee BP Capital Ventures, LLC*

Schneider & Onofry, PC, Phoenix
By Jonathan D. Schneider, Erin A. Hertzog
*Counsel for Defendants/Appellees Casey Block and Katelyn Block*

Fowler St. Clair, PLLC, Mesa
By Andrew M. Fowler
*Counsel for Defendant/Appellee Brett J. Kalina*

Gust Rosenfeld, PLC, Phoenix
By Timothy J. Watson
*Counsel for Defendant/Appellee Block Estates, LLC*

Keller & Hickey, PC, Tempe
By Thomas F. Hickey
*Counsel for Defendant/Appellee RLI Insurance Company*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**O R O Z C O**, Judge:

¶1 Sally P. Valencia appeals the trial court's: (1) grant of summary judgment in favor of Casey Block, Brett Kalina, BP Capital Ventures, LLC (BP), and Block Estates, LLC (BE) (collectively Appellees); (2) grant of RLI Insurance Company's (RLI) motion to dismiss without prejudice; (3) denial of Valencia's motion for a new trial and to amend her complaint; (4) denial of Valencia's motion to strike BP's answer, and (5) award of taxable costs to Appellees. For the following reasons, we dismiss the appeal to the extent it purports to challenge the dismissal without prejudice; reverse the portion of the judgments awarding Block, as taxable costs, the expense of a "CD court transcript" and in all other respects affirm.

2

**FACTS AND PROCEDURAL HISTORY**

¶2          BP purchased a house at 5327 E. Wallace Ave. (the Property) at a trustee's sale following a bank foreclosure.  At the time of the sale, Kalina was a member of BP and Valencia resided at the Property.  Shortly thereafter, BP filed an eviction action in justice court.  The justice court issued a Writ of Restitution and a constable removed Valencia from the Property.

¶3          Pursuant to Arizona Revised Statute (A.R.S.) section 33-1368.E, BP was required to hold Valencia's personal property remaining at the Property for twenty-one days after serving her with the Writ of Restitution.  Casey Block, BP's owner and manager, called and left three voicemails for Valencia, advising her that more than twenty-one days had passed since her eviction but that she could retrieve her belongings from the Property on a date specified by Block.

¶4          Valencia claimed she was not given sufficient time to retrieve her property and that Appellees removed "personal property, including jewelry, furniture, and other sentimental items" from the Property. Valencia subsequently filed suit in superior court, alleging breach of covenant of good faith and fair dealing, violation of the Arizona Consumer Fraud Act, violation of the Arizona Residential Landlord and Tenant Act, replevin, conversion, intentional infliction of emotional distress, unjust enrichment, and civil conspiracy.

¶5          Valencia later filed an application for entry of default against BP, alleging BP failed to plead or otherwise defend in a timely fashion.  BP filed an answer shortly thereafter.  Valencia moved to strike the answer as untimely and the trial court denied the motion.

¶6          The trial court granted summary judgment on behalf of BE, Block, BP, and Karina and granted RLI's motion to dismiss without prejudice.  It denied Valencia's cross-motion for partial summary judgment as well as Valencia's motions for reconsideration and for leave to file a first amended complaint.  The trial court entered partial judgments reflecting these rulings and awarding BE, BP, Block and Kalina their taxable costs.

¶7          Valencia moved for a new trial or in the alternative to amend the judgments to include the trial court's specific findings of fact and conclusions of law upon which it relied in each judgment.  The trial court denied both motions.  Valencia timely appealed and we have jurisdiction

pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21.A.1. and -2101.A.1. (West 2015).[1]

**DISCUSSION**

I.    Summary Judgment

**¶8**        Valencia argues the trial court erred by granting Appellee's Motions for Summary Judgment.  We review the grant of summary judgment de novo. *Lewis v. Debord*, 236 Ariz. 57, 59, ¶ 5 (App. 2014).  "[W]e view the facts in the light most favorable to the party opposing the summary judgment." *Kaufmann v. M & S Unltd, L.L.C.*, 211 Ariz. 314, 315, ¶ 2 (App. 2005).  "We will affirm summary judgment only if there is no genuine issue as to any material fact and the party seeking judgment is entitled to judgment as a matter of law." *Williamson v. PVOrbit, Inc.*, 228 Ariz. 69, 71, ¶ 11 (App. 2011).

**¶9**        Valencia contends that the trial court did not provide a reason for its ruling in violation of Arizona Rule of Civil Procedure 56(a). However, the relevant portion of Rule 56(a) simply states, "The court *should* state reason on the record the reasons for granting or denying the request." (Emphasis added.).

**¶10**        "If the statute is clear and unambiguous, we apply the plain meaning of the statute." *Stein v. Sonus USA, Inc.*, 214 Ariz. 200, 201, ¶ 3 (App. 2007) (citation omitted).  A plain reading of Rule 56(a) suggests that the trial court may or may not state the reason(s) for its rulings at its own discretion. *See Purchase v. Mardian Constr. Co., Inc.*, 21 Ariz. App. 435, 438 (App. 1974) (noting the word "'should' [is] permissive and not mandatory").

**¶11**        Additionally, Valencia argues, "[G]enuine disputes existed to be resolved by a jury and other facts in [Valencia's] favor were undisputed." In her opening brief, Valencia notes that her cross motion for summary judgment and reply addresses these arguments and attempts to incorporate them by reference without further specifying what disputed facts exist therein.  However, we have held that such an incorporation does not comport with Arizona Rule of Civil Appellate Procedure 13(a)(6). *See Ortiz v. Rappeport*, 169 Ariz. 449, 452 (App. 1991) (finding that appellant's reference to arguments presented in a prior special action filed in the case

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

without further development in the briefs did not comply with the rule). Thus, we do not address these arguments.

¶12        Throughout her opening brief, which has a lengthy, detailed recitation about her view of the facts, Valencia sporadically references what a "jury could have concluded." For example, she asserts that "a jury could have found that the trustee sale was improper and [Valencia] had a property interest in [the Property]." As support, Valencia claims Christopher R. Perry, who recorded "a notice of sale attempting to re-foreclose" on the Property, could be impeached because he was involved in a car crash and was suspended from practicing law three days after filing an affidavit concerning the Property's sale. However, Valencia does not cite to any documents in the record supporting her contention that a factual dispute exists concerning her interest in the Property, nor does she cite legal authority supporting her proposition. Thus, this argument is waived, and we do not address it. *See Ritchie v. Krasner*, 221 Ariz. 288, 305 ¶ 62 (App. 2009).[2] Because Valencia has not demonstrated genuine issues of material fact exist, we affirm the trial court's summary judgment rulings.

II.    The Eviction Proceedings

¶13        On appeal, Valencia sets forth various purported facts and arguments regarding the eviction proceedings leading up to the July 7, 2011 eviction judgment. Valencia, however, abandoned her appeal from that judgment in 2011 and the time for her to appeal from that judgment had passed before Valencia filed this action. Moreover, the claims Valencia presses in this action all post-date that judgment. Valencia's claims in this case turn on a purported agreement negotiated and reached "[a]t sometime after the Judgment," Appellees' purported breaches of their obligations in negotiating and performing under that purported agreement, and Appellees' purported failure to return personal property and pets to Valencia after she was removed from the Property. Given Valencia's claims in this case, she has not shown how her claimed "[f]acts concerning the

---

[2]        We also do not address Valencia's arguments that a jury could find that "Block had never intended to follow through on his promises to [Valencia];" "Block and Kalina decided to remove [Valencia] from her home despite having knowledge of her property rights in the home," "BP [] failed to provide [Valencia] with notice and adequate access to retrieve her property," "[BE] was [Block's] alter ego. . .and that BP was Block and Kalina's alter ego," etc., for these same reasons.

eviction proceedings" precluded the superior court's rulings challenged in this appeal.

III.     Motion to Amend Complaint

**¶14**     Valencia next argues the trial court erred by denying her motion to amend.  "We review a trial court's denial of a motion to amend a complaint for an abuse of discretion." *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, 519, ¶ 4 (App 2013).  When the trial court does not state the basis for its ruling, we will affirm if the denial was correct for any reason.  *Id.*

**¶15**     Valencia filed her complaint in August 2012 and her motion to amend in August 2013, after the trial court granted Appellees' Motions for Summary Judgment and Motion to Dismiss.[3]  "Delay alone is not usually cause to deny a request to amend." *Uyleman v. D.S. Rentco*, 194 Ariz. 300, 303, ¶ 11 (App. 1999).  However, on this record, the trial court properly acted within its discretion.  *See Hall v. Romero*, 141 Ariz. 120, 124 (App. 1984) (finding no abuse of discretion when trial court denied plaintiffs' motion to amend after summary judgment had been entered against them).[4]

---

[3]     A dismissal without prejudice is not a final judgment and thus, the trial court's grant of RLI's motion to dismiss is not an appealable order.  *See McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 74, ¶ 4 (App. 2009).  Valencia does not argue the statute of limitations barred her from refiling her claims so that the trial court's dismissal effectively "prevented final judgment from which an appeal might have been taken."  *See id.* (internal punctuation and citation omitted).  Thus, we lack jurisdiction over this claim and we dismiss that portion of the appeal purporting to challenge that ruling.

[4]     Valencia argues that she had claims pending against "the Fine Parties and TM3" after the trial court denied her motion for a new trial.  The parties were included in Valencia's proposed first amended complaint but were not listed in her original complaint.  Because the Fine Parties and TM3 were never properly joined as parties to the litigation, we need not address this issue.

IV.     Motion for a New Trial

**¶16**     Valencia also claims the trial court erred by denying her motion for a new trial. We review the denial of a motion for a new trial for an abuse of discretion. *Desert Palm Surgical Grp. P.L.C. v. Petta*, 236 Ariz. 568, 582, ¶ 37 (App. 2015). "[T]he burden is upon the party seeking to overturn the ruling to show that the trial court abused its discretion." *Harris v. Murch*, 18 Ariz. App. 466, 467 (App. 1972).

**¶17**     Valencia argues a new trial was warranted because there were issues of material fact and the court did not provide "findings and legal reasoning" when it denied her motion. As previously noted, Valencia has not shown that the trial court erred in finding no genuine issues of material fact on this record. *See supra* ¶¶ 11-12. Moreover, Valencia has not demonstrated how the trial court's decision to omit findings in its order denying the motion necessitates a new trial under Arizona Rule of Civil Procedure 59(a).[5] Thus, we find no abuse of discretion and affirm the trial court's ruling.

V.     Award of Costs

**¶18**     We review the trial court's award of costs for an abuse of discretion, and we will affirm the award if it has any reasonable basis. *Maleki v. Desert Palms Prof'l Props., L.L.C.*, 222 Ariz. 327, 333-34, ¶ 32 (App. 2009). However, we review issues of statutory interpretation de novo. *Schwab Sales, Inc. v. GN Constr. Co., Inc.*, 196 Ariz. 33, 36, ¶ 9 (App. 1998).

       A.     CD Transcripts

**¶19**     Citing A.R.S. § 12-332.A, Valencia argues the trial court should not have granted "some or all costs" to Appellees. Specifically, Valencia disputes the trial court's award of $20 to Block for a "CD court transcript." We agree that a court transcript is not taxable cost in superior court under A.R.S. § 12-332. *See Cyprus Bagdad Copper Corp. v. Ariz. Dep't of Revenue,* 188 Ariz. 345, 347 (App. 1997) (holding hearing transcripts were not taxable costs). Thus, we reverse the trial court's award for this cost.

---

[5]     Valencia again attempts to incorporate arguments made in motions or response before the trial court without further developing them in her opening brief. We do not address those arguments. *See supra* ¶ 11.

### B.     Deposition Costs

**¶20**     Valencia also contends that the trial court abused its discretion by allowing "the entire [deposition] transcript costs [to] be taxed against [Valencia]."  Moreover, Valencia argues Kalina and Block should not have been awarded these costs because they "were not the ones who took the depositions."

**¶21**     Under A.R.S. § 12-332.A.2, the "[c]ost of taking depositions" is a taxable cost.  The Arizona Supreme Court has held that a party who did not conduct the deposition may collect such costs.  *See Young's Mkt. Co. v. Laue*, 60 Ariz. 512, 517 (1943) (holding defendant could recover costs for attorney's travel expenses incurred attending a deposition conducted by plaintiff's attorney).  Thus, the trial court properly awarded Appellees the costs they incurred attending depositions.   Moreover, Appellees may recover their costs incurred photocopying deposition transcripts.  *See Motzer v. Escalante*, 228 Ariz. 295, 297, ¶ 11 (App. 2011).  Thus, we affirm the trial court's award.

## VI.     Motion to Strike

**¶22**     Valencia argues the trial court erred by denying her motion to strike BP's answer.  We review a ruling on a motion to strike for an abuse of discretion.  *Dowling v. Stapley*, 221 Ariz. 251, 266, ¶ 45 (App. 2009).

**¶23**     Citing Arizona Rules of Civil Procedure 12(a)(1)(A) and 6(b), Valencia contends that BP did not file a timely answer to her complaint and failed to show good cause or excusable neglect for doing so and thus, the trial court should have stricken BP's answer.  BP argues that it filed it answer in compliance with Rule 55, rendering the trial court's ruling proper.  Valencia filed her Motion/Application for Default on October 30, 2012 and BP filed its answer on November 8, 2012.

**¶24**     Under Rule 55(a)(4), "[a] default shall not become effective if the party claimed to be in default pleads or otherwise defends as provided by these Rules prior to the expiration of ten (10) days from the filing of the application for entry of default."  "Rule 55(a) . . . creates a 'grace period' of ten days.  If the defaulting party answers within the period, the clerk's entry of default never takes effect."  *Corbet v. Superior Court In and For Cnty. of Maricopa*, 165 Ariz. 245, 247 (App. 1990).  Because BP filed its answer within ten days after Valencia filed her Motion/Application for Default, the trial court properly acted within its discretion.

VII.     Due Process Rights

¶25         Lastly, Valencia argues the trial court abused its discretion and violated her due process rights by its "refusal to state its reasons in key adverse rulings."   She contends that the trial court's rulings were "conclusory" and left her "without relief."

¶26         As noted above, the trial court was not required to state reasoning for its rulings.  *Supra* ¶¶ 9-10.  Moreover, Arizona Rule of Civil Procedure 52(a) provides, "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule. . .56[.]"

¶27         "Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Huck v. Haralambie*, 122 Ariz. 63, 65 (1979).  Valencia does not dispute that she had notice of Appellees' motions and an opportunity to respond to them nor does she claim the trial court denied her an opportunity to be heard concerning the motions she presented.  Thus, we find no due process violation.

## CONCLUSION

¶28         For the foregoing reasons, we dismiss the appeal to the extent it purports to challenge the dismissal without prejudice; reverse that portion of the judgments awarding Block as taxable costs the expense of a "CD court transcript" and in all other respects affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama